Crippen, J.
An objection was raised by the defendants, to wit, that they occupied distinct parcels of the premises claimed in severalty, and that the court erred in refusing to require the plaintiffs to elect against which of the defendants they would proceed.
It is distinctly alleged in the complaint that the Herkimer Manufacturing and Hydraulic Company set up and pretend *583 to have a legal title to the premises, and that the other defendants are tenants in possession of the same or some part thereof under the company. The defendants do not deny, by their answer, that they hold possession of the premises as alleged in the complaint. The complaint clearly charges the defendants with a joint possession, which is nowhere denied or the contrary discovered by the plaintiffs until disclosed on the trial by the proofs. Upon the face of the pleadings, and by the proofs in the case, it must be conceded that the three-defendants are the tenants of the company, holding possession under it as their landlord. This fact alone entitled the company to be made defendant in the action. The statute provides that whenever any action shall be brought against any tenant to recover the land held by him, or the possession of such land, the landlord of such tenant, and any person having any privity of estate or interest with such tenant or with such landlord, in the premises in question, or any part thereof, may be made defendant with such tenant in case he shall appear, or may at his election appear without such tenant. (2 R. S., 341, § 17.) If a separate action had been brought against each tenant, the company had the undoubted right to be made defendant, either with or without the tenant in each of said actions. Under proper averments in the complaint, I see no good reason why the landlord may not be made defendant in the first place with, the tenant. The Code authorizes any person to be' made defendant who has or claims an interest in the controversy adverse to the plaintiff, or who may be a necessary party to a complete determination or settlement of the question involved in the action. (§ 118 of Code.) The case shows that the company claimed an interest in the premises in controversy adverse to the plaintiffs; the extent and validity of such interest was necessarily involved in the action, and hence it was proper to make the company a party to the action under the provisions of the Code. It appeared on the trial that each *584 defendant was in possession of some portion of the premises. The Herkimer Manufacturing and Hydraulic Company, occupied one portion with its canal; the other three defendants occupied different parts of the dwelling-house, and two of them occupied distinct portions of the remainder of the premises. They, all had an interest in or possession of portions of said premises, deriving title from a common source. The testimony established a good cause of 'action in the plaintiffs against each of the defendants. If the three defendants, the tenants of the company, held and occupied portion's of the premises separately and not jointly, they were bound to set up the fact of such separate occupation and holding in their answer. They were charged as joint occupants in the complaint; they knew the character of their possession whether joint or several; and if they were improperly united as co-defendants, it was their duty to set it up in the answer by way of defence. By omitting to do so, and going down to trial under the pleadings and issues in the case, it was too late to raise the objection after the plaintiffs had made out a clear title to the premises. In the language of the Code, the defendants shall be deemed to have waived such objection.
If the complaint shows a misjoinder of defendants, a demurrer is the appropriate remedy.. (§ 144 of Code.) If the defect does not appear on the face of the complaint, then the defendants must set it up in their answer (§ 147). And if no such objection be taken either by demurrer or answer, the defendants shall be deemed to have waived the same (§ 148). These provisions of the Code were intended to meet cases like the present. This opinion is based upon the ground that the objection of the misjoinder of the defendants should have been raised by the answer.
The judgment should be affirmed.
Marvin, J.
I think the ruling of the judge at the circuit should be sustained, and that the judgment should be *585 affirmed. The complaint alleged in legal effect a joint occupancy or possession by the defendants, Pierce, Webber and Cristman, and this allegation was not put in issue. It was a material allegation and for the purposes of the action was to be taken as true. (Code, § 168.) The evidence to prove that they occupied in severalty was immaterial and irrelevant to any issue. It was received subject to the objection, and subsequently the judge decided that the plaintiffs could not be compelled to elect. We may suppose that the justice at the circuit, upon examination of the pleadings, took the same view here taken. The Hydraulic Manufacturing Company was not a necessary party as to the premises occupied by Pierce, Webber and Cristman. It is not alleged in the complaint that the company was in possession of any of the premises, but that it claimed title. All the defendants admit, by not denying, that the defendants, Pierce, Webber and Cristman, occupied the premises or some part of them jointly; and they aver that the company was and is seized in fee and entitled to the said premises. Under these pleadings, in my opinion, the defendants ought not to be permitted upon the trial to object that the company had been made a party. By the law prior to and independent of the Code, a landlord might, when his tenant was sued in ejectment,' become a party defendant to the action and defend it. (2 R. S., 342, § 17.) Now in the present case, if it be assumed that no facts were stated in the complaint constituting a cause of action against the company, facts were stated which showed the company’s right to be a party defendant, if it so chose; and it did by its answer so elect, and averred that it was and is seized in fee, &c. In short, it elected to be a party and to defend. It could not then upon the trial claim that it had been improperly joined, and that the plaintiffs should elect against which of the defendants they should proceed.
The question is not presented in this case whether the owner of land, entitled to its possession, can maintain an *586 action against two or more persons who occupy distinct parcels of it, claiming under the same right.
The judgment should be affirmed.
Denio, J., having been consulted as to the case, while at the bar, took no part in its decision.
Judgment affirmed.