FREDERIC R. COUDERT, Trustee, Substituted for LOUISE PELLETIER, Plaintiff, *v.* GUSTAVE HUERSTEL, Individually and as Trustee under the Last Will and Testament of SARA HUERSTEL, Deceased, Appellant, Impleaded with Others.

FREDERICK W. MAUTE, Purchaser, Respondent.

*Tax — it becomes a lien when the warrant is issued — effect of the memorandum of taxes, etc., required on a foreclosure sale in the first judicial district — the "sale" is the auction sale.*

A tax upon real property in the city of New York does not become a lien until the warrant for the collection of the tax is actually issued.

A memorandum of the approximate amount of taxes, assessments and other liens upon property to be sold under a judgment of foreclosure and sale, annexed to the notice of sale pursuant to rule 14 of the rules for the regulation of the Special Terms of the Supreme Court in the first judicial district, does not bind either the referee or the parties to the action to pay taxes which were not a lien upon the property at the time of the auction sale, although the amount mentioned in the memorandum is sufficient to cover such taxes.

The word "sale," as used in a provision in the terms of sale that "all taxes, assessments and water rates which at the time of sale are liens or encumbrances upon said premises will be allowed by the referee out of the purchase money," refers to the auction sale and not to the delivery of the deed.

APPEAL by the defendant, Gustave Huerstel, individually and as trustee, etc., of Sara Huerstel, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of February, 1901, overruling exceptions to the report of a referee, and denying a motion to set aside and vacate such report.

*Martin B. Faris,* for the appellant.

*James Stikeman,* for the respondent.

INGRAHAM, J. :

The question presented is between a purchaser at a sale in fore-closure and the owners of the equity of redemption, as to who is to pay $500.67, the taxes imposed for the year 1900 upon the property sold under the judgment. The premises were sold on the 28th of August, 1900, pursuant to the judgment in this action, and were purchased by the respondent. The referee in his report of sale stated that he had paid from the purchase money certain taxes aggregating $553.27, leaving a surplus paid to the city chamber-lain in pursuance of the decree of $3,273.10. The appellants, who were the owners of the equity of redemption and entitled to the surplus, challenged the right of the referee to pay $500.67, the taxes for the year 1900.

The judgment directed that out of the proceeds of sale the referee should pay the expenses of the sale as provided in section 1676 of the Code of Civil Procedure. By that section it is provided that the officer making the sale must, out of the proceeds, unless the judgment otherwise directs, pay all taxes, assessments and water rates which are liens upon the property sold, and that the sums necessary to make these payments are deemed expenses of the sale. Annexed to the notice of sale there was a statement by the referee that the approximate amount of taxes, assessments and water rates, or other liens to be allowed to the purchaser out of the purchase money or paid by the referee, was $563.84 and interest. This notice of sale was dated August 3, 1900. It appeared that on August 3, 1900, when the notice of sale was prepared, it was sup-posed by the plaintiff's attorney that taxes imposed prior to 1900, amounting to $558.09, were unpaid, and this notice was to cover such taxes. It was subsequently ascertained, however, that the taxes for the year 1899 had been paid on the 25th of November, 1899, and that at the time the notice of sale was dated there were no taxes upon the property except a small amount for water rates. It further appeared that the ordinance levying the tax for the year 1900 was passed by the municipal assembly on the 15th of August, 1900, and was approved by the mayor on the 25th of August, 1900.

The original assessment roll and warrants for that year were delivered to the receiver of taxes on September 19, 1900, and the warrants annexed to the assessment roll were dated and countersigned on the same day.

It has been universally held that the actual issuing of the warrant determines the time when the tax becomes a lien, as it is only then that the process prescribed for the assessment of the tax was complete. (*Burr* v. *Palmer*, 53 App. Div. 358; *Lathers* v. *Keogh*, 109 N. Y. 583.) At the time that this notice of sale was prepared, therefore, and at the time of the actual sale of the premises, the taxes for the year 1900 were not payable, nor was the amount of the tax ascertained so that it could be allowed by the referee as a lien upon the property. This notice of sale, therefore, must have referred to taxes that had accrued and become a lien upon the premises prior to the time of the notice of sale, and no purchaser could have been actually misled into supposing that a tax thereafter to be ascertained was to be deducted and paid by the referee. The purchaser does not say that he was aware at the time of the sale that the taxes for the prior year had been paid, nor was there an intimation in the notice of sale that the tax thereafter to be imposed was to be paid by the referee. This note was annexed to the notice of sale under rule 14 of the rules for the regulation of the Special Terms of the Supreme Court in the first judicial district. This rule provides that the referee shall annex to the notice of sale the approximate amount of the charge for taxes, assessments or other liens upon property which are to be allowed to the purchaser out of the purchase money, or which are to be paid by the referee, but that an unintentional error in the amount of such taxes or other lien to be allowed to the purchaser upon the sale shall not invalidate the sale, nor authorize the court to relieve the purchaser or order a new sale, the object of the provision being to give notice to purchasers as to the amount charged upon the property, so that they may have knowledge of the amount that would be required to satisfy the charges upon the property. There was nothing in this notice which would bind either the referee or the parties to the action to actually pay the amount therein designated, or to require the referee to pay such a sum where there was no actual lien upon the property which the judgment requires should be paid; and where it clearly appeared

that at the date of the notice it could refer only to taxes which were at that time a lien upon the property, there was certainly nothing to justify an inference that charges which became liens after the sale, and which were not liens upon the property at the time of the sale, were to be paid by the referee.

Section 1676 of the Code, before referred to, does not direct that the referee shall pay all taxes which are liens upon the property at the time he delivers his deed; and we must look to the terms of the sale, which is the contract that was signed by the purchaser and which he agreed to perform, to determine whether or not he or the owners of the equity of redemption should pay these taxes. The terms of sale provided that the premises described in the " annexed advertisement of sale will be sold under the direction of Eugene H. Pomeroy, Esq., Referee, upon the following terms:" Ten per cent of the purchase money would be required to be paid to the referee at the time and place of sale, and the residue of the said purchase money would be required to be paid to the referee at his office on the 27th day of September, 1900, when the referee's deed would be ready for delivery; that " all taxes, assessments and water rates which at the time of sale are liens or encumbrances upon said premises will be allowed by the referee out of the purchase money," and that the purchaser of the premises will at the time and place of sale sign a memorandum of his purchase. Here the sale that is referred to is the sale by the referee at auction, and the provision for the delivery of the referee's deed is to carry into effect the sale made by the referee on the twenty-eighth day of August. It is by virtue of this sale under the judgment in the action that the purchaser acquires the title to the property; and while the legal title only passes upon the execution and delivery of the referee's deed, the right of the purchaser to a conveyance of the premises becomes complete upon his executing the terms of sale.

This question was presented to us in the case of *Ainslie* v. *Hicks* (13 App. Div. 388; affd. on opinion below in 153 N. Y. 643) upon terms of sale which were substantially identical with these in the case before us, and we held that the word " sale " in this clause applied to the auction sale at which the property was knocked down to the purchaser, and not to the formal delivery of the deed by which the legal title was vested in the purchaser. We there said: " The

language used relating to the sale, speaks of it as happening in the present and not in the future ; and it is the liens and incumbrances which have been confirmed and are at present payable, and which at the time of this sale, namely, this present time, are liens and incumbrances upon the said premises which are to be allowed." And although the words " duly confirmed and payable," which were in the *Ainslie* v. *Hicks* case, are not in the terms of sale here, the taxes, assessments and water rates which are to be paid by the referee are those which at the time of the sale are liens or incumbrances upon the said property, not those which shall be liens upon the delivery of the referee's deed. We think, therefore, that the word " sale " referred to in this clause of the terms of sale was the sale by the auctioneer, and did not refer to the subsequent delivery of the deed.

The purchaser was not, therefore, entitled to have the taxes for the year 1900 paid by the referee out of the purchase money, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the exceptions to the report of the referee sustained, with ten dollars costs.

Van Brunt, P. J.; O'Brien and McLaughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and exceptions to referee's report sustained, with ten dollars costs.