(36 Misc. Rep. 247.)

GRABFELDER v. TALLMAN et al.

(Supreme Court, Special Term, New York County. November, 1901.)

FORECLOSURE SALE—DEFERRED CLOSING—INTEREST.

On foreclosure of a second mortgage, the time for closing was extended to June 7th, and thereafter was further extended, "without prejudice to any claim of any person interested herein that interest should be charged on the bid." The closing was thereafter had on October 4th. *Held*, that the purchaser must pay the interest on the first mortgage which became due after the sale, and interest on subsequent liens from June 7th to October 4th, but need not pay interest on unpaid balance of his bid up to June 7th.

Action by Matilda Grabfelder against Cornelius H. Tallman and others. Motion to compel refund of interest and to confirm referee's report. Motion granted in part.

E. Seigman, for plaintiff.
Eugene L. Richards, for the motion.
Edwin B. Wilson, for Riverside Bank.
W. L. Jacobs, for defendant Tallman.

McADAM, J. This is a motion by the purchaser at a foreclosure sale of real property for an order sustaining his objections to the referee's report, and refunding to him so much of the money as was paid to said referee under protest at the time of closing title to said property, and for confirmation of the said report in all other respects. The referee sold the property at auction April 22, 1901, to the purchaser, upon the usual terms of sale; and May 15th following was the date set for closing title. The time for closing was at intervals extended by consent to June 7, 1901. On the last-named date, the purchaser not being ready to complete, the time was further extended, "without prejudice to any claim of any person interested herein that interest should be charged on the bid." Title was not closed until October 4, 1901, when the referee required from the purchaser payment of interest amounting to $1,275 on a

first mortgage for $60,000 upon the property, which interest became due after the sale, and interest amounting to $760.37 on the amount of the unpaid purchase money from the date of the sale, in addition to the balance of the purchase money. The purchaser paid the items of interest under protest. The payment of interest on the mortgage was properly required by the referee. The amount was neither a tax, nor a lien on the property at the time of the sale, so as to be allowed to the purchaser on the closing of title. See Coudert v. Huerstel, 60 App. Div. 83, 69 N. Y. Supp. 778. As to the second item charged, the rule is that a purchaser at a judicial sale is chargeable with interest on his bid from the time when he ought to have performed, taking the rents and profits in lieu thereof. It is at the option of the purchaser whether to take the rents and profits and pay interest, or to relinquish the rents and profits and to be exempt from the payment of interest. Bank v. Thomson, 55 N. Y. 7. Of course, if it clearly appeared that the purchaser's delay was caused solely by himself, he might properly be chargeable with interest, even though he did not receive any portion of the rents and profits between the time set for closing and the actual completion of the contract. It is questionable here whether the delay was caused by the purchaser. His counsel swears that it was not until a few days before title passed that the Lawyers' Title Insurance Company, which had charge of the title for the bank from which the purchaser borrowed the purchase money, withdrew its objections. And it does not appear that the purchaser obtained any part of the rents in lieu of the interest which he paid. Moreover, the purchaser's time to complete was, by consent of the parties to the action, extended unconditionally to June 7, 1901. Up to that time, as he did not receive a portion of rents, and under all the circumstances, it would scarcely be equitable to exact from him payment of interest on his bid. On the last-named date, however, further time was given to the purchaser, without prejudice to the right of the parties to demand interest. The fact that the purchaser did not or could not arrange for the payment of rent to him in lieu of interest from that time should not be allowed to prejudice the rights of lienors subsequent to plaintiff, in view of the fact that they had consented to extend the purchaser's time only upon the express understanding that the extension should not prejudice their rights. The motion, in so far as it asks for a refunding of money paid under protest to the referee, will therefore be granted, but only to the extent of requiring payment to the purchaser of the amount of interest charged on his bid to June 7, 1901. In all other respects the motion will be granted.

Ordered accordingly.