KOECHL v. GATE DEVELOPMENT CO. et al.

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

1. MORTGAGES (§ 529*)—FORECLOSURE SALE—VACATING—DISCRETION.

The vacation of a mortgage foreclosure sale rests in the discretion of the trial court.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. § 529.*]

2. MORTGAGES (§ 529*)—FORECLOSURE SALE—VACATION—DISCRETION.

Where the executor of an estate, which had a second mortgage on land, purchased the land upon foreclosure of the first mortgage, and after the purchase it appeared that the owner of the equity of redemption had not been made a party to the action, though it was not shown that the title was not otherwise clear, an order of the trial court relieving the purchaser of his purchase was not an abuse of discretion; it being apparent that the purchaser might be involved in litigation.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. § 529.*]

Appeal from Kings County Court.

Action by Victor Koechl against the Gate Development Company and others for the foreclosure of a mortgage. J. Alfred Berger, Jr., as executor of the estate of Robert J. Freeman, purchased at the foreclosure sale, and from an order granting his motion to be relieved from his purchase, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Edwin Kempton and Charles Bradshaw, for appellant.

William S. Woodhull (Beno B. Gattell, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. Emily F. and Hannibal French executed a mortgage to the Title Guarantee & Trust Company for $4,000 on the 3d day of November, 1899, which became due in three years from its date. The Title Guarantee & Trust Company assigned the bond and mortgage to the plaintiff in this action on or about November 16, 1899. Payment of the principal was subsequently extended to November 3, 1911, by an agreement made in 1908 by the Title Guarantee & Trust Company, for the mortgagee, and one Annie Cohen, the then owner of the premises. Interest being unpaid, the plaintiff filed a lis pendens on December 3, 1910, and commenced a foreclosure action, which resulted in a judgment of foreclosure and sale on April 7, 1911. The premises were duly sold, J. Alfred Berger, Jr., as executor of Robert J. Freeman, becoming the purchaser for the purpose of protecting the estate, which was the owner of a second mortgage upon the premises for the sum of $2,000. The executor paid $523, 10 per cent. of the purchase price, together with $17 for auctioneer's fees and other expenses. Intending to complete the purchase, Mr. Berger was informed by his attorney that he had been served with an order to show cause why the foreclosure sale should not be vacated and set aside and a resale ordered. This motion was made by an attorney representing the Greenwich Investing Company, claiming to be the owner of the equity of redemption in the premises purchased by Mr. Berger at the foreclosure sale. This motion resulted in an order denying the motion. Being thus advised of a claim on the part of the Greenwich Investing Company, which was not a party to the foreclosure action, Mr. Berger moved the County Court of Kings County to be relieved of his purchase, and from the order granting this motion the plaintiff appeals to this court.

[1, 2] While it is true that the affidavits submitted upon the motion do not conclusively show that there is any defect in the title, it is plain to be seen that there is an opportunity for a lawsuit, which appears to be threatened. There is no doubt that there was a conveyance of the premises by the Gate Development Company, one of the defendants in the foreclosure action, to the Greenwich Investing Company on the 30th day of September, 1910; that the deed was duly acknowledged on the 1st day of October, 1910, and recorded in the office of the register of the county of Kings on the 15th day of March, 1911; and it is claimed that the premises were in the actual possession of the Greenwich Investing Company, through its agent, one Cohen, and it is claimed that the plaintiff had notice of such claim of title and possession on the part of the Greenwich Company at the time of commencing the action. It is true that the facts do not appear positively; but there is clearly enough of the claim of the Greenwich Company to make it fairly certain that the title to the premises will be brought into question in some kind of an action, and it would be a hardship to the purchaser, who was compelled to purchase to protect the lien of the second mortgage, to compel him to stand the expense and annoyance of a lawsuit.

We think the matter rests in the discretion of the court, and that, no abuse of the discretion being shown, it is the duty of this court

to affirm the order, which does no more than to place the respondent in practically the same position that he occupied before the sale.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur, except BURR, J., not voting.