BENJAMIN MORROW, Respondent, v. RENNIERE PROCESS, INC., and Others, Defendants.

GEORGE W. LIEBMANN Purchaser, Appellant.

First Department, December 2, 1927.

Mortgages — foreclosure — sale — application by purchaser to be relieved on ground that physical appearance of property indicated ten-family apartment whereas law prohibited occupancy by more than four families — purchaser will not be required to complete purchase.

This is an application by a purchaser at a mortgage foreclosure sale to be relieved of his purchase on the ground that the physical appearance of the premises as shown by an inspection prior to the sale indicated the conversion of the premises from private houses to tenement houses fitted to accommodate about ten families, whereas the premises as altered could not lawfully be occupied by more than four families. The purchaser is entitled to be relieved from his purchase, since it is conceded that he relied upon the physical appearance of the building and without knowledge that he could not legally use the premises for ten families made the purchase on the representation which the physical appearance of the property constituted. Under the circumstances outlined, it would be inequitable for a court of equity to compel specific performance of the purchase.

The contention by the plaintiff that the purchaser has failed to show the reasonable cost of altering the premises so as to make them comply with the tenement house requirements or that such alterations could not be made without involving a substantial expenditure, and hence he could be made whole by a small allowance, has no bearing on the case whatsoever, for when the purchaser showed facts which *prima facie* entitled him to be relieved of his purchase, the burden was cast upon the plaintiff to go forward with proof sufficient to rebut such *prima facie* case.

APPEAL by George W. Liebmann, purchaser, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of September, 1927.

*Alexander Pfeiffer* of counsel [*Charles M. Joseph* with him on the brief; *Pfeiffer & Crames*, attorneys], for the appellant.

*Jacob Schechter* of counsel [*Leslie Lester* with him on the brief; *Schechter & Lotsch*, attorneys], for the respondent.

FINCH, J. This appeal presents the question whether a purchaser of real estate at a foreclosure sale may be relieved of his

purchase, where the physical appearance of the premises as shown by an inspection prior to the sale indicated a conversion of the premises from private houses to tenement houses fitted to accommodate some ten families, whereas the premises as so altered could not lawfully be occupied as tenement houses but were restricted to occupancy by some four families, producing an income of about $7,500 per annum less than would have been obtained if the property could have been applied to the use for which it had been altered. The court at Special Term denied the motion of the purchaser to be relieved of the purchase and instead granted the plaintiff's motion to compel the purchaser to complete the purchase.

The petition of the purchaser shows, and the respondent concedes in his brief, that in purchasing the property the purchaser "relied upon the physical appearance of the buildings and failed to make inquiry of the Tenement House Department whether the buildings were lawfully occupied as tenement houses." The petitioner alleges: "I calculated what income I would be able to derive from these apartments if rented separately and as they were divided, and I considered that if I purchased these premises at the price I thought they were worth that they would bring me a fairly good return upon my investment." It thus is evident that the physical appearance of the property was sufficient to constitute a representation that the property could be applied to the use for which it ostensibly was designed. Such a state of facts makes it inequitable for a court of equity to compel specific performance. In *Hammer* v. *Michael* (243 N. Y. 445) the defendant had contracted to purchase certain premises which, at the time of the contract, were occupied by three families. The contract provided that all violations against the premises were to be complied with by the seller. At the closing it appeared that a violation had been filed, charging the premises with having been converted into a tenement house without the approval of the tenement house department, thus making it illegal for the premises to be occupied by more than two families. One family moved out and the plaintiff tendered the building with the violation removed, as the premises were no longer occupied by more than two families and hence not a tenement. The purchaser refused to complete the purchase upon the ground that he had not received what he had contracted to purchase and that the removal of the violation, by causing one of the tenants to vacate the premises, was not a compliance with the contract on the part of the seller, but was an evasion thereof. The Court of Appeals held that under these circumstances specific performance should not be decreed. Judge CRANE said:

" Although the contract of sale described the premises by metes

and bounds and referred to them by street number as 142 Hooper street, the law does not ignore or shut its eyes to the physical conditions existing at the time of contract. What the defendant saw through the plaintiff's representations the law sees. (*Webster* v. *Kings County Trust Co.,* 80 Hun, 420; affd., 145 N. Y. 275; *Westown Realty Co.* v. *Keller,* 143 App. Div. 458; *Anderson* v. *Steinway & Sons,* 178 App. Div. 507; affd., 221 N. Y. 639.) * * *

" If we eliminate all the circumstances surrounding the making of this contract, the nature of the building and the representations of the plaintiff, the contract may be read as referring to a building, irrespective of rentals or tenement house construction. This is the way the lower courts considered it.

" But even then a court of equity would take these matters into consideration when asked to decree specific performance. Assuming that the plaintiff did not by his written contract agree to sell a three-family house yielding $197.50 a month, and that at the time of closing there was no tenement house violation filed against the building, yet the court was not justified, in view of all the circumstances and its findings, in decreeing specific performance."

The property in the case at bar having been purchased at a judicial sale, through an officer of the court, as distinguished from a private sale between vendor and purchaser, the court will dispose of the matter solely upon equitable principles. (*Haberman* v. *Baker,* 128 N. Y. 253, 255; *People* v. *N. Y. Building Loan Banking Co.,* 189 id. 233, 237; *Sohns* v. *Beavis,* 200 id. 268.) In *People* v. *N. Y. Building Loan Banking Co.* (*supra*) Judge Haight said: " The court, however, treats a contract made with one of its officers as being made with the court itself, and will deal with its contractee upon equitable principles."

In *Sohns* v. *Beavis* (*supra*) it was said by Judge Vann: " We agree with the learned Appellate Division that a sale of land in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire."

The respondent further urges that the purchaser has failed to show the reasonable cost of altering the premises so as to make the same comply with the tenement house requirements or that such alterations could not be made without involving a substantial expenditure, and hence that the purchaser could be made whole by a small monetary allowance. When, however, the purchaser showed facts which *prima facie* entitle him to be relieved of his purchase, the burden was cast upon the plaintiff to go forward with proof sufficient to rebut such *prima facie* case.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, the motion of the plaintiff denied, and the motion of the petitioner granted, with ten dollars costs.

DOWLING, P. J., McAVOY, O'MALLEY and PROSKAUER, JJ.; concur.

Order reversed, with ten dollars costs and disbursements, the motion of the plaintiff denied, and the motion of the petitioner granted, with ten dollars costs.