Manhattan Life Insurance Company, Plaintiff, v. Wall Invest-
ing Corporation and Another, Defendants.

Supreme Court, New York County, February 7, 1928.

**Mortgages — foreclosure — proceedings to compel purchaser to complete
purchase — purchaser did not have right to reject title as
unmarketable.**

The purchaser at a mortgage foreclosure sale cannot reject the title on the ground
that there is a lien against the premises for taxes which accrued subsequent
to the sale.

Likewise the objection that the property showed a number of encroachments
is untenable since the sale was made subject to a state of facts which an accurate
survey would show.

The existence of a number of violations of city departments, mostly minor, is
not a valid objection, for the particular violations did not constitute incum-
brances by statute and there was no agreement that they should so be considered.
Furthermore, the purchaser was familiar with the property since it was the holder
of the second mortgage.

The existence of a corporate franchise tax lien at the date fixed for closing is not
a valid objection, since the purchaser in an agreement with the plaintiff for a loan
agreed to pay the tax, and for the further reason that the lien has been satisfied.

The purchaser is equitably required to complete the purchase.

Motion by the defendant purchaser on a foreclosure sale to be
relieved of its obligation to complete the purchase and for the
return of its deposit together with expenses.

*Bennett E. Siegelstein,* for the defendant Fillmore Holding Co., Inc.

*Philip J. Ross,* for the plaintiff.

Levy, J.    The action in foreclosure was commenced by the first
mortgagee, and the purchaser is the holder of the second mortgage.
Title was to close on October 10, 1927, but various adjournments
were had, and on December 14, 1927, the purchaser rejected the
title on the ground that it was unmarketable.    The facts in the
case are somewhat complicated by the following situation.    The
purchaser sought a mortgage loan from the plaintiff, who finally
agreed to make such a demand loan in the sum of $50,000, and
attached certain conditions such as the assumption of the obligation
by the purchaser to pay the amount of a possible deficiency judg-
ment, for which, however, the purchaser was to receive an assign-
ment of the funds in the hands of the receiver, and it was also to
take care of the State franchise taxes so as to obtain an assessment
in that direction from the State Tax Department, and pay the
amount found due.    These additional terms which the purchaser
complains of must not be confused with the obligation which it
had assumed under its purchase at the foreclosure sale.    They

were conditions imposed by the plaintiff subsequent to the sale, and unless the purchaser was willing to accept the loan, it was not bound by these. The obligation, therefore, must be viewed without reference to the additional demands which arose from the separate contract for a loan made between the plaintiff and the purchaser, but merely from the standpoint of the right of the latter to reject the title for the reason assigned.

The existence of the lien for taxes subsequent to the sale was certainly not a valid objection, because a purchaser at a judicial sale must satisfy tax liens accruing after the date of the sale. (*Coudert* v. *Huerstel,* 60 App. Div. 83.) The objection that the property showed a number of encroachments is also untenable. The sale was made subject to a state of facts which an accurate survey would show. This has been interpreted in *McCarter* v. *Crawford* (245 N. Y. 43) as meaning that the purchaser took *subject* to these facts, and encroachments in such a situation did not constitute a meritorious objection to the title. It is claimed also that a number of violations of city departments existed against the premises. The particular violations did not constitute incumbrances upon the title by statute. They could only be so regarded by the agreement of the parties, and this was not done. (*Woodenbury* v. *Spier,* 122 App. Div. 396.) There is another objection interposed, namely, that at the date fixed for the closing of title, the corporate franchise taxes of the Wall Investing Corporation were a lien against the premises, and this had not been removed. It must be borne in mind, however, that the purchaser by its agrement with plaintiff in connection with the loan transaction, agreed to look after the removal of this lien, and the referee's failure to meet this objection was, therefore, excusable under the circumstances. In any event, the lien has been satisfied and no objection on that score can be entertained.

The purchaser cites the recent decision of the Appellate Division in *Morrow* v. *Renniere Process, Inc.* (222 App. Div. 100) as in some way pointing to a different result, without indicating, however, in what respect that case bears any application. There, a purchaser at a judicial sale was relieved of his purchase because the physical appearance of the property indicated that it could be used as a tenement house, while actually the buildings were not lawfully occupied as such. It must be observed, however, that the purchaser here had been familiar with the property for some time by reason of its holding of the second mortgage, and it could not, therefore, have been deceived by the physical appearance of the building which, for aught that appears, was lawfully occupied for the purpose for which it is used. In fact, the department violations are

of a comparatively minor nature. The purchaser may perhaps rely upon the following citation from *People* v. *New York Building-Loan Banking Co.* (189 N. Y. 233) in which Judge HAIGHT said: " The court, however, treats a contract made with one of its officers as being made with the court itself, and will deal with its contractee upon equitable principles," and may possibly argue that the violations are of such a serious nature that the strict legal rule in *McCarter* v. *Crawford* (*supra*) should not apply. The principles which persuade the court to relax the strictness of the ordinary contractual rules between vendor and vendee are stated in *Sohns* v. *Beavis* (200 N. Y. 268) as follows: " We agree with the learned Appellate Division that a sale of land in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire."

They do not apply to the case at bar, since the purchaser seems to have had abundant opportunity to inquire, and in fact it actually began its negotiations for a loan even before making a bid. Furthermore, the encroachments about which it complains are of a slight character, and under the circumstances it is not inequitable to compel it to live up to the terms of the sale.

The motion should be denied and the purchaser should be directed to complete the purchase within twenty days after the entry of the order as of December 14, 1927, with interest from that date to the date of closing and in accordance with the terms of sale. Plaintiff has indicated its willingness to proceed with its agreement for the loan, but this is entirely a matter of adjustment between the parties. The application of the referee for an extra allowance will be denied at this time, without prejudice. Settle order.