LOUIS J. WAGNER, Respondent, v. MARY WHITE, Individually, and as Executrix, etc., of ELIZABETH WAGNER, Deceased, and Others, Defendants, Impleaded with JOHN WAGNER and Another, Respondents, and GEORGE WAGNER and Another, Appellants.*

First Department, January 25, 1929.

* See, also, 134 Misc. 24; appeal dismissed, 251 N. Y. ——.

*John B. White* of counsel [*John B. White*, attorney for appellant George Wagner, and *Albert J. Rifkind*, attorney for appellant Arthur Lewis], for the appellants.

*John F. O' Neil* of counsel, for the plaintiff, respondent.

*Modie Harris* of counsel, for the respondents John Wagner and John Henry Realty Co., Inc.

O'MALLEY, J. The property involved was purchased by the plaintiff Louis J. Wagner and the John Henry Realty Co., Inc., from the referee at judicial sale on April 17, 1928. The terms of sale provided: " All taxes, assessments and water rates, which at the time of the sale, are liens or incumbrances upon said premises, will be allowed by the Referee out of the purchase money, provided the purchaser shall, previous to the delivery of the deed, produce to the Referee proofs of such liens, and duplicate receipts for the payment thereof." Title was to pass May 17, 1928, but by adjournments had, the deed was not delivered until June 13, 1928.

The plaintiff's proposed final judgment contained a provision that the referee be directed to pay all taxes that had become a lien on the property at the date of the delivery of the deed. On application of the defendants, this provision was modified so as to provide for payment of such taxes only as had become a lien on April 17, 1928. No appeal from the judgment was taken, and its provisions would seem to be conclusive upon the rights and obligations of the parties.

By this motion the purchasers sought an order which would require the receivers who had been in possession of the property for several months prior to the judicial sale, and between such time and the date of the delivery of the deed, to pay taxes in the sum of $2,593.50, which became a lien on May 1, 1928. The motion was denied, but with leave to the plaintiff to apply on the receivership accounting for an apportionment of the taxes between the date of the judicial sale and the date of the delivery of the deed. To this end the order provided that the receivers give notice to the purchasers of the final settlement of their account. The receivers appeal and seek to have the motion wholly denied.

Our conclusion is that the receivers may not be required to pay taxes which became a lien after the property was bid in. It is this date, rather than the date of the delivery of the deed, which in the circumstances disclosed must be regarded as the date of the sale of the property. (*Ainslie* v. *Hicks*, 13 App. Div. 388; affd., on opinion below, 153 N. Y. 643; *Coudert* v. *Huerstel*, 60 App. Div. 83.) The apportionment ordered could be justified only by

agreement between the parties or by some provision in the terms of sale. A purchaser at a judicial sale on terms which contain a provision similar to the one here found, takes subject to taxes which thereafter become a lien. (*Ainslie* v. *Hicks, supra; Coudert* v. *Huerstel, supra; Manhattan Life Insurance Co.* v. *Wall Investing Corp.*, 131 Misc. 363; affd., 223 App. Div. 833.)

The situation is not altered because the receivers were authorized under the order appointing them to pay taxes which might become liens upon the premises during their receivership. Such authority was permissive merely and not mandatory, and may not be extended so as to require the receivers to pay taxes which the purchasers in law had obligated themselves to pay.

It follows that the order so far as appealed from should be modified by striking out the provision respecting leave to the purchasers to apply for apportionment on the accounting of the receivers, and as so modified affirmed, with ten dollars costs and disbursements to the appellants.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellants.