Arthur C. Aulisi, J.
The above action was brought to foreclose a mortgage on a large tract of land at Long Lake, Hamilton *92 County, New York. Defendant, Chimney Book, Inc., hereinafter referred to as defendant, is the owner of the equity of redemption and, therefore, entitled to surplus moneys. The judgment of foreclosure and sale, in appointing the Beferee, directed him to sell the premises at public auction, and further 11 that said Beferee on receiving the proceeds of sale forthwith pay therefrom the taxes, * * * which are or may become liens at the time of sale ”.
The auction sale took place on August 10, 1968 and the deed was delivered1 to the purchaser on October 29,1968.
In his report of sale, the Beferee credits himself with payment, out of the proceeds of the sale of property, in the sum of $2,495.07 for 1968’-1969 school tax on said property.
Defendant moves to reject SO' much of the Beferee’s report of sale which claims credit for the payment of the above sum of $2,495.07 for school tax, it being contended by defendant that the school tax was not a lien on the mortgaged property at the time of the auction sale and did not become a lien until after the property was sold.
Subdivision 2 of section 1354 of Beal Property Actions and Proceedings Law provides: ‘1 The officer conducting the sale shall pay out of the proceeds, unless the judgment otherwise directs, all taxes, assessments, and water rates which are liens upon the property sold ”.
The first mention made of a sale in the judgment is contained in its fourth decretal paragraph where it provides ‘1 that the mortgaged premises * * * be sold * * * at public auction to the highest bidder ’ ’. All subsequent mentions of the word ‘ ‘ sale ’ ’ in the judgment, as well as in the notice of sale, in the terms of sale, and in the memorandum of sale signed by both the purchaser and the Beferee clearly lead to the conclusion that reference to the sale of the property means the auction sale. The notice of sale, which the Beferee causd to be posted and published, stated that the premises were to be sold at public auction on August 10, 1968. Paragraph “ 4 ” of the terms of sale, pursuant to which the Beferee sold the property, provided: ‘ ‘ All taxes, assessments and other encumbrances which, at the time of sale, are liens or encumbrances upon said premises, will be allowed by the Beferee out of the purchase money ”.
It appears that the assessment roll and warrant for collection •of the 1968-1969 school tax were delivered to the tax collector on August 26, 1968 on which date the school tax became a lien on the property. (15 Carmody-Wait 2d, New York Practice, p. 265, § -9’2:333.) Actually, there is no disagreement between the parties that the school tax was not a lien against the premises *93 when the auction sale took place on August 10, 1968. It is argued, in opposition to the motion, however, that ‘ ‘ at the time of sale ” as used in the judgment means “ consummated sale ”; that the 1 ‘ sale ’ ’ of the premises was not consummated until the delivery of the deed by the Referee to the purchaser; that in the, meantime the school tax had become a lien upon the premises and that the Referee was then required to discharge said lien out of the proceeds of the sale. None of the three cases cited in opposition to defendant’s motion (Nichols v. Howell, 116 Misc. 340; Warwick Sav. Bank v. Long Is. Ch. K. of C. Soc. Serv., 253 App. Div. 276; Wesselman v. Engel Co., 309 N. Y. 27) sustains this contention that the Referee was required to discharge the tax lien. Each such case is distinguishable from the issue here presented. ‘ ‘ The word ‘ sale ’ in reference to a provision in the judgment and terms of sale that all taxes, assessments, and water rates which at the time of sale are liens or encumbrances will be allowed out of the purchase money, refers to the auction sale, and not to the fonnal delivery of the deed carrying the sale into effect ”, (15 Carmody-Wait 2d, New York Practice,, p. 265, § 92:333.)
In Coudert v. Huerstel (60 App. Div. 83) where the terms of sale were substantially identical with the judgment and the terms of sale herein, it was contended, as in the instant case, that certain taxes which became liens between the time of the auction sale and the delivery of the Referee’s deed should have been paid out of proceeds of sale. The court rejected this contention holding (p. 87) that “ the word ‘ sale ’ referred to in this clause of the terms of sale was the sale by the auctioneer, and did not refer to the subsequent delivery of the deed. The purchaser was not, therefore, entitled to have the taxes f * * paid for by the referee out of the purchase money ”. \
Similarly, differentiation between the date of the auction sale and that of the delivery of the deed are made in other cases which hold that it is the date of the auction sale which is determinative and not the date of the delivery of the deed. (Wagner v. White, 225 App. Div. 227; Ainslie v. Hicks, 13 App. Div. 388, affd. on opinion below 153 N. Y. 643.)
In Wagner v. White (supra, pp. 228-229) the court said: “ Our conclusion is that the receiver may not be required to pay taxes which became a lien after the property was bid, in. It is this date, rather than the date of the delivery of the deed, which in the circumstances disclosed must be regarded as the date of the sale of the property. (Ainslie v. Hicks, 13 App. Div. 388; affd., on opinion below, 153 N. Y. 643; Coudert v. Huerstel, 60 App. Div. 83). * * * A purchaser at a judicial sale on terms *94 which contain a provision similar to the one here found, takes subject to taxes which thereafter become a lien. (Ainslie v. Hicks, supra; Coudert v. Huerstel, supra; Manhattan Life Ins. Co. v. Wall Investing Corp., 131 Misc. 363; affd. 223 App. Div. 833.) ” (Emphasis supplied.)
In Ainslie v. Hicks (supra, p. 391) where the terms of sale were strikingly similar with the terms of sale herein, the court held “ the question as to what he [the purchaser] is to pay as the consideration for the conveyance of the property depends, not upon the time that the title vests in the purchaser, but upon the agreement between the referee and the purchaser, which is evidenced by the terms of sale and the memorandum of the purchase signed' by the purchaser. ’ ’
Therefore, I conclude that “ at the time of sale ” as provided by the judgment, denotes the date of the auction sale, viz., August 10, 1968, and not the date of the delivery of the deed on October 29, 1968, and that the purchaser was not entitled to have said school tax paid by the Referee out of purchase money. Accordingly, said credit of $2,495.07 for school tax claimed by the Referee in his report is hereby disallowed and the Referee is directed to restore to the credit of the action the sum of $2,495.07.
Defendant’s motion is granted.
Submit order accordingly.