OPINION OF THE COURT
Aaron D. Bernstein, J.
At a sale pursuant to a judgment of foreclosure the movant, Esther Tischler, also known as Regina Tischler (Tischler), was the successful bidder at a price of $466,000. She now moves to vacate the auction sale where she was the successful bidder.
In her moving papers Tischler alleges that the defendant Mendel Bobker made fraudulent representations to her as to the condition of the building. Specifically, Tischler states that Bobker told her there were two or three minor violations on the property whereas there are over 260 violations on the building. She further alleges that Bobker told her that the rent roll was in excess of $10,000 whereas the true figures are less than $6,000. She also claims that there was another person present at the sale who at the instigation of Bobker pushed her bidding to the point of $466,000. All the parties to this lawsuit oppose the motion on the grounds that any fraudulent misrepresentations by Bobker would not be binding on the referee Lowenberger who was the seller. The Court of Appeals very early stated that courts of equity would not be guided by legal rules in deciding whether or not to vacate an auction sale pursuant to a judgment of foreclosure. In Fisher v Kersey (78 NY 387, 388), the court said: “They may set aside their own judicial sales, upon grounds insufficient to confer upon the objecting party an absolute legal *663 right to a re-sale. They may relieve against mere mistakes, accidents or hardships, or oppressive or unfair conduct of others, though such conduct may not amount to a violation of law”.
In Sohns v Beavis (200 NY 268, 271-272), the Court of Appeals in affirming the Appellate Division stated: “We agree with the learned Appellate Division that a sale of land in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire.”
The rule seems to be that a court will relieve a party from a bid at a foreclosure sale when it would be inequitable for the court to compel the prospective purchaser to complete the purchase. In Lane v Chantilly Corp. (251 NY 435), Judge Lehman of the Court of Appeals said at pages 437 through 438 in very appropriate language: “Here the sale was made by the referee as an officer of the court. The court may direct its officer to act in accordance with fairness and equity. In effect the contract is made with the court, and a purchaser upon a judicial sale will not be compelled to perform his contract ‘where it would not be perfectly just and conscientious in an individual to insist upon the performance of the contract against the purchaser, if the sale had been made by such individual or his agent.’ (Veeder v. Fonda, 3 Paige Ch. 94.) Perhaps, in this case, an individual seller might conscientiously and fairly have insisted upon the performance of a contract, made under similar circumstances, for a purchaser deals at arm’s length with an individual seller and may not look to the seller for protection or relief against his own blunders. The rule that a buyer must protect himself against undisclosed defects does not apply in all strictness to a purchaser at a judicial sale. He may feel some sense of security against hidden pitfalls, and be lulled into signing a contract with an officer of the court which he would not make with an individual without further investigation.”
Similarly, in the cases of Koechl v Gate Dev. Co. (149 App Div 239) and Morrow v Renniere Process (222 App Div 100), the court had similar holdings.
In Scala v Levensen (95 NYS2d 850) former Presiding Justice Beldock (then in Special Term) in a less compelling fact pattern permitted the purchaser to rescind the purchase and secure the return of his deposit when there were violations on the premises which could be removed for $3,000. Here, the removal of the violations would presumably cost many, many times more. Since there is not even the slightest suggestion in the moving papers that the movant was aware of the violations prior to the *664 bid the court will grant the motion of the movant and direct that Tischler be relieved of her obligation to complete the purchase and the receiver is directed to return to her the amount of her deposit.