KRESHOVER v. BERGER et al.

(Supreme Court, Appellate Division, First Department.   December 3, 1909.)

1. APPEAL AND ERROR (§ 845*)—REVIEW—DEMURRER TO COMPLAINT.

Where all the evidence proving the truth of the allegations of the complaint was excluded, the case comes to the court on appeal from a judgment for defendant as if the complaint had been demurred to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3342; Dec. Dig. § 845.*]

2. VENDOR AND PURCHASER (§ 34*)—MISREPRESENTATIONS—BOUNDARIES—STIPULATIONS OF CONTRACT.

A stipulation, in a contract for the sale of real estate, that the premises are bought "subject to state of facts shown on survey of" a designated person, indicates an intention on the part of the purchaser to rely on the survey, and is inconsistent with a claim that the purchaser relied on the representation of the vendor that the walls did not encroach on adjoining land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 39; Dec. Dig. § 34.*]

3. VENDOR AND PURCHASER (§ 36*)—MISREPRESENTATIONS—MATERIALITY.

Under the rule that a representation as to the rentals derived from real estate is material, and, if false, affords an action for damages, a representation by the vendor that the premises were leased as apartments, and that no free rents were given, while the leases gave the tenants one month out of twelve free of rent, is a material misrepresentation.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 52, 53; Dec. Dig. § 36.*]

4. VENDOR AND PURCHASER (§ 36*)—MISREPRESENTATIONS—MATERIALITY—"ACCEPT"—"PASS."

A representation by a vendor that a third person had accepted a loan on the premises for a specified amount, while the third person had as a fact declined to "pass" a loan for that amount because of the construction of a wall on the premises, is a material representation as to value and the facility with which the purchaser may complete the purchase by mortgaging the property; the word "pass" being equivalent to "accept."

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 52, 53; Dec. Dig. § 36.*

For other definitions, see Words and Phrases, vol. 1, p. 52; vol. 6, pp. 5215–5217; vol. 8, p. 7747.]

Appeal from Appellate Term.

Action by Lee J. Kreshover against Morris Berger and another. From a determination of the Appellate Term (62 Misc. Rep. 613, 116 N. Y. Supp. 20), affirming a judgment dismissing the complaint, with costs, plaintiff appeals.   Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Louis Zinke, for appellant.

A. J. Geist, for respondents.

SCOTT, J.   Plaintiff appeals from a determination of the Appellate Term, affirming a judgment of the City Court in favor of defendants.

The plaintiff seeks to recover the sum of $2,000, being the amount he paid upon a contract for the purchase of land.   He claims to have

been induced to enter into the contract by fraudulent misrepresentations, and elects to rescind the contract and to sue for the recovery of his down payment. The trial court refused to receive any evidence as to the representations, or their falsity, upon the ground that they would vary the written instrument, and are cognizable only in equity. The Appellate Term recognized the fallacy of this position, but affirmed the judgment upon the ground that the contract itself contains provisions which negative the claim that the misrepresentations were relied upon. Since all the evidence tending to show the representations and their falsity was excluded, the case comes before us as if the complaint had been demurred to.

One representation has reference to the walls of the building, and is to the effect that they are properly built and do not encroach upon the adjoining land or upon the street. The fact is alleged to be that one wall does encroach upon the adjoining land from one-quarter to one and three-quarter inches. It is obvious that the representation and the fact, as alleged, do not agree, and it cannot be said as matter of law that such a variance is immaterial. The contract, however, contains a provision that the property is bought "subject to state of facts shown on survey of Charles A. Meyer & Son, dated September 1, 1905." We think that the insertion of this clause indicated an intention to rely on the survey as to the lines of the property and possible encroachments, and is inconsistent with the contention that plaintiff relied upon the misrepresentation, and was led thereby to make the contract. If plaintiff did not rely upon the representation, it is immaterial whether it was false or true.

The second representation is said to have been that the premises were leased as apartments to divers tenants on leases, and that no free rents were given. The fact is alleged to be that leases had been made to tenants with the understanding that for one month out of twelve during the year said tenants need pay no rent. This representation may have been, if relied upon, most material. It is well settled that a representation as to the rentals which are derived from real estate is a material allegation as to its value, and, if false, may lay the foundation for an action for damages. If plaintiff agreed to buy the property on the faith of a statement that no free rents had been allowed, whereas the actual rent agreed to be paid by each tenant was only eleven-twelfths of the apparent rent, it is difficult to say that the misrepresentation was not material.

The third representation which we consider it necessary to notice is to the effect that the Lawyers' Title Insurance & Trust Company had accepted a loan for $70,000 upon said premises. The fact, as alleged, is that the company had declined to pass a loan for $70,000 by reason of the construction of the easterly wall of said premises. It is suggested that declining "to pass" is not equivalent to declining to "accept." This is, we think, hypercriticism. The representation appears to be material, both as bearing upon the value of the property and also upon the facility with which plaintiff could complete the purchase, which involved mortgaging the property for $75,000 or $70,000.

Upon the face of the complaint the two representations to which we

have referred seem to be material, and the plaintiff should have been allowed to prove that they were made, were false, and were relied upon.

It follows that the determination of the Appellate Term, and the judgment of the City Court must be reversed, and a new trial granted, with costs to appellant in this court and the courts below to abide the event. All concur.

