MARCH v. MARASCO et al.   (No. 6668.)

(Supreme Court, Appellate Division, First Department   December 31, 1914.)

1. MORTGAGES (§ 537*)—OBJECTIONS TO TITLE—EFFECT.

   The objection by a purchaser at a foreclosure sale to the title on the ground of judgments of record against one of the owners of the equity of redemption does not justify the court in relieving him from completing the purchase, where there was an offer to allow the retention or deposit of a sum sufficient to discharge the judgment and expenses of procuring satisfaction pieces, in the absence of any suggestion of any difficulty in obtaining satisfactions.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1558; Dec. Dig. § 537.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MORTGAGES (§ 537\*)—TITLE—OBJECTIONS—TERMS OF SALE.

Where under the terms of a foreclosure sale the property was taken subject to any state of facts which an accurate survey thereof might show, existing encroachments were not a valid objection to the title.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1558; Dec. Dig. § 537.\*]

3. MORTGAGES (§ 535\*)—TITLE—OBJECTIONS—TERMS OF SALE.

Where a purchaser at a foreclosure sale signed the terms of sale after consultation with his attorney and with full knowledge that the terms of sale stipulated that it was subject to any transfer tax on the property, the purchaser could not object to the title on the ground of the existence of a transfer tax.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1556; Dec. Dig. § 535.\*]

4. MORTGAGES (§ 538\*)—FORECLOSURE—SALE BY RECEIVER—DEED—BLANKS—AUTHORITY TO FILL.

A blank for a grantee in a deed executed and acknowledged by a referee in mortgage foreclosure proceedings cannot be filled in by another, and the purchaser at the foreclosure sale may refuse to complete the purchase on that ground.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1470, 1525, 1559; Dec. Dig. § 538.\*]

5. MORTGAGES (§ 540\*)—OBJECTIONS TO TITLE—REMEDY OF PURCHASER.

Where a purchaser at a foreclosure sale objected to the title on the ground that blanks in the referee's deed had been filled in without authority, and refused an extension of time, he could only recover the partial payment made, with interest, in the absence of any suggestion that anything had occurred after the purchase to reduce the value of the property, or that anything might occur in the time necessary to procure a new deed.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 540.\*]

Appeal from Special Term, New York County.

Action by James E. March against Carmine Marasco and others. From an order relieving Peter Rinello and another, assignees of a purchaser at a judicial sale, from the completion thereof, and directing the payment of moneys to them by the referee, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Louis Frankel, of New York City, for appellant.

De Witt Bailey, of New York City, for respondents.

DOWLING, J. This action was brought for the foreclosure of a second mortgage, amounting to $25,000, on premises situated at Broome and Mott streets, in the city of New York, on which there was a first mortgage of $142,500. On June 23, 1914, at a public sale duly held by the referee appointed by the Supreme Court, the premises were knocked down to Antonio Fauci for $31,475, and he signed the terms of sale, which were prepared after submission to and revision by his attorney, and at the same time paid a deposit of $3,147.50 to the referee. The time set for closing title was July 23, 1914, at noon, when the referee's deed was to be ready for delivery. At that time the bid had been assigned to Peter Rinelli and Stephen Guardino, the respond-

ents herein, whose attorney requested an adjournment of the closing because of objections to the title which had been raised by the title company. It was agreed to adjourn the closing until August 3d.

At the final meeting on that day, objections to the title were made in writing, and the referee's deed then tendered was also objected to on the ground that changes had been made therein by inserting the names and addresses of the grantees and the words "their heirs" after the execution and acknowledgment of the deed, the same having been done by a third party. The purchasers tendered the balance of the consideration due, but rejected the title proffered for the reasons given. Of the written objections, the only ones which we deem to have had any force at the time were those based on the failure to make the wives of Lawrence Mulligan and Patrick H. Sullivan parties defendant in the action, and the failure to produce any releases of their inchoate right of dower in the premises. From the first of these two persons a release had been procured, but from the second no release had been obtained up to the time of the hearing and decision of the motion to relieve the purchasers.

[1] The objection that there were judgments of record against Patrick H. Sullivan, one of the owners of the equity of redemption, was not valid, in view of the offer to allow the retention or deposit of a sum sufficient to discharge the judgments in full, with interest, and the expense of procuring satisfaction pieces, there being no suggestion that there would be any difficulty encountered in obtaining such satisfactions

[2] The encroachments claimed to have existed did not constitute a valid objection, in view of the terms of sale under which the property was sold, which recited that it was to be taken subject to any state of facts which an accurate survey might show.

[3] All of the objections based upon the claimed variations between the judgment and the terms of sale, including the question of the transfer tax on the estate of the deceased owner of the property, were met by the fact that the purchaser had, after consultation with his attorney and with full knowledge of the facts, signed the terms of sale, by which he was bound, and one of the provisions of which was that the sale was subject to the transfer tax on said property. So that the only valid objection to said title that could have been raised by the purchasers was the failure to produce the release from Mrs. Patrick H. Sullivan of her dower right in the premises.

[4] But the objection based on the additions made to the deed was insuperable. When the time came for passing title, the referee was in Europe. The deed which was then tendered to the purchasers was one which had been executed and acknowledged by the referee before his departure, and in which certain blanks had been left, including that wherein the name of the grantee was to be inserted. It is claimed on behalf of the referee that there had been some talk about the person to whom the deed should be made, and that, as there was a suggestion that the bid might be assigned, it was agreed that the name of the grantee should be left in blank and thereafter filled in. But no one had the authority or right to fill in blanks in a deed executed by an officer of the

court after it was executed and acknowledged by him, and the paper tendered as a deed to the purchasers was not valid to convey title to them. They were therefore justified in the position, which they then took, that the deed was not one which they were called upon to accept.

[5] Still, while we believe the purchasers are entitled to be relieved from the completion of their purchase, and to have their deposit returned to them, with interest, because of this failure to tender them a proper deed, we think that is all the relief to which they are entitled. The representative of the referee, and the attorney for the mortgagee, requested the consent of the attorney for the purchasers to a further adjournment, which was refused, although there is no suggestion in the record that anything had occurred in the interim to reduce the value of the property bought by the purchasers, or anything might occur in a short time which would render it inadvisable for them to consent to a reasonable delay in order to adjust, if possible, the matters in dispute. In view of these circumstances, and of all the facts disclosed by the record in the case, we believe the purchasers should not be allowed a counsel fee for the examination of the title to the premises.

The order appealed from will therefore be modified, by striking out the provision allowing the respondents $250 for their expenses in the examination of the title to the mortgaged premises, and, as so modified, affirmed, without costs. All concur.