**BURNS v. DYER et al.    (No. 8500.)**

(Court of Civil Appeals of Texas. Dallas.
March 26, 1921. Rehearing Denied
April 30, 1921.)

1. **Trespass to try title ⬳6(1)—Vendor and purchaser ⬳257—Lien could be developed into title sustaining action in trespass only by foreclosure, etc.**

A vendor's lien retained to secure notes given for the purchase price of land was a mere incident to the debt itself, and could be developed into title sufficient to sustain an action in trespass to try title only by foreclosure, sale, and purchase.

2. **Judgment ⬳704—Judgment and sale in suit to foreclose vendor's lien held res adjudicata of rights of holder of certain notes against holder of others.**

Judgment and sale in prior suit to foreclose vendor's lien *held* res adjudicata of every right possessed in the land by the holder of certain of the vendor's lien notes as against the holder of other of such notes; all parties having been properly before the court in such prior suit.

Error from District Court, Limestone County; A. M. Blackman, Judge.

Suit by H. R. Dyer against W. Frank Burns and others. To review the judgment against him in favor of plaintiff and another, defendant Burns brings error. Judgment reversed, and rendered for defendant Burns.

Marvin H. Brown and Charles T. Rowland, both of Fort Worth, for plaintiff in error.

G. W. Barcus, of Waco, for defendants in error.

HAMILTON, J. On October 7, 1912, W. T. Lyon sold J. F. Shillings two tracts of land in Limestone county, Tex., and Shillings executed ten promissory notes, all for the same sum, and a vendor's lien was retained to secure the payment of each of them. After the note maturing first had fallen due and had been paid, Lyon sold and transferred five of the remaining nine notes to plaintiff in error, and four of them to defendant in error Dyer. Plaintiff in error in turn sold and transferred the five notes acquired by him to M. Holderman, the respective dates of whose maturity preceded those of the four notes sold to Dyer.

Shillings sold the land to J. F. Ellison and as a part consideration for this sale Ellison assumed payment of all the notes. Default having been made in annual interest payments on all the notes and in payment of the principal of one of the notes held by Holderman, he filed suit, declaring all the notes due under provisions contained in them, and made plaintiff in error, W. Frank Burns, W. T. Lyon, J. F. Shillings, and J. F. Ellison parties, seeking personal judgment against Shillings as the maker of the notes and against Ellison upon his assumption of them and against Burns and Lyon as indorsers, and asking for foreclosure of the vendor's lien against the land and for order of sale. No personal judgment against defendant in error Dyer was sought. But he was made a party to the suit because of his interest in the foreclosure of the vendor's lien by reason of his ownership of the four notes of the same series and of equal dignity with those belonging to Holderman. All of the defendants were properly cited to appear and answer. Dyer appeared and filed an answer and cross-action against Shillings, Lyon, and Ellison and prayed for personal judgment against each of them and for foreclosure of the vendor's lien as to his four notes. Burns also filed his answer and cross-action against Shillings, Lyon, and Ellison for whatever sum Holderman might recover against him. No citation upon either of these cross-actions was issued and served upon Shillings or Lyon or Ellison.

The cause was tried on March 5, 1915, and judgment entered reciting the appearance of the plaintiff, Holderman, and that of the defendants Burns, Dyer, and Lyon all in person and by attorneys, and reciting that the de-

fendants Shillings and Ellison, "though each of them had been duly and legally served with citation in the way and manner and for the length of time required by law to require them to appear and answer at this term, appeared not, but each of them wholly made default." The judgment decreed to Holderman recovery against Shillings, Lyon, and Ellison each for the amount accrued upon the notes held by him and decreed to Dyer recovery against the same parties the amount accrued upon the notes owned by him. The court found that the notes owned by Holderman were of equal force and effect with those held by Dyer, and that neither group of notes had legal priority over the other and were equally secured by the vendor's lien. The vendor's lien was foreclosed, and the land was ordered sold as under execution, and the order of foreclosure was in all respects in full compliance with provisions of law. The judgment contained stipulations for executions in favor of certain defendants over against others, which need not be recited. The land was sold on May 5, 1915, under the judgment and order of sale for an amount greatly inadequate to satisfy the indebtedness due on the notes and was bought at execution sale by the plaintiff, Holderman, and the sheriff of Limestone county executed a deed to him, crediting five-ninths of the proceeds of the sale on the judgment in his favor and four-ninths of it on the judgment in favor of Dyer, after deducting court costs. On June 10, 1915, Holderman conveyed the land to plaintiff in error, Burns, by special warranty deed, and on the 28th day of February, 1918, sold and assigned to plaintiff in error the unsatisfied judgment existing against Shillings, Lyon, Ellison, and plaintiff in error. On the 25th day of August, 1915, plaintiff in error sold and conveyed the land to J. W. Pyburn, making the deed to J. E. Pyburn at J. W. Pyburn's request.

On November 9, 1918, the instant suit was instituted in the district court of Limestone county by defendant in error H. R. Dyer. He sued all the other parties to the foreclosure suit above described and also sued Pyburn. Three distinct alternative methods of alleging the cause of action are disclosed in the petition in this cause. The first alleges a suit in trespass to try title. The second alleges a suit for the debt on the four notes owned by Dyer and for foreclosure of the vendor's lien originally retained upon the land to secure their payment. It is the same cause of action pleaded by Dyer in the original foreclosure suit brought by Holderman in 1915. The third is to revive the judgment rendered March 5, 1915, although nothing is alleged to indicate its dormancy. Of the defendants in this action Burns, Pyburn and Holderman answered. Holderman disclaimed and was dismissed from the suit upon plaintiff Dyer's motion. Pyburn answered, pleading in abatement of the suit and join-

ing issue upon plaintiff's allegations and also by cross-pleading seeking judgment over against his codefendant Burns and against others impleaded by him. Defendant Burns, who is plaintiff in error, answered the suit by general demurrer, by pleading in detail the judgment rendered in 1915 and all its incidents, including Dyer's participation in the former suit, and alleged that it was res adjudicata of defendant in error Dyer's right to any cause of action, and he pleaded estoppel and limitations against Dyer's suit and answered the cross-action alleged against him by Pyburn.

The case was tried before the court without a jury, and judgment was rendered as follows: That the judgment previously rendered in the suit filed by Holderman and styled Holderman v. Shillings et al., be set aside, canceled and held for naught, and that the deed executed by the sheriff of Limestone county by virtue of the order of sale issued on said judgment be canceled and held for naught, and that the cloud put upon the land by reason of it be removed; that all of Holderman's title and interest in the land be canceled and held for naught; that Dyer recover from J. F. Shillings $1,426.76, with interest from the date of the judgment at the rate of 8 per cent. per annum; and that plaintiff in error, W. Frank Burns, for the use and benefit of J. W. Pyburn, recover from J. F. Shillings and J. F. Ellison $1,783.45, with interest from the date of the judgment at the rate of 8 per cent. per annum, with all costs of suit. The judgment declared the vendor's lien, as it existed October 7, 1912, foreclosed upon the two tracts of land against all parties to the suit, decreed that order of sale issue in Dyer's and Burns' names, that the land be sold in conformity with the terms of the order of sale, and directed the application of the proceeds of such sale. The judgment recited that, should Pyburn be required to pay any part of the judgment rendered in favor of Dyer, Pyburn should, in that event, have judgment and execution against Burns for such sum. The judgment foreclosed an attachment lien in Pyburn's favor against Burns upon certain land in Hill county, Tex., attached, it seems, by Pyburn in connection with the suit. The judgment contained other matters not here involved and which it is unnecessary to state. For reasons undisclosed the suit filed by Holderman against Shillings, Lyon, Burns, Ellison, and Dyer in 1915 is by the terms of the judgment consolidated with the instant suit.

Plaintiff in error has brought the case to this court by writ of error against Dyer and Pyburn upon the judgment against him in their favor.

[1] The trespass to try title feature of the suit alleged by defendant in error Dyer is entirely without legal support, as appears from a glance at the record. The vendor's lien originally retained to secure the notes

evidenced the only claim or interest he had in the land. This lien was a mere incident to the debt itself and could be developed into title sufficient to sustain an action in trespass only by foreclosure, sale, and purchase.

[2] We think the judgment and sale in the foreclosure suit in 1915 were res adjudicata of every right Dyer possessed in the land as against Burns. Every party having any interest in the foreclosure proceedings was properly before the court. Dyer appeared and participated in the case. There was no fraud or conspiracy to vitiate the judgment nor any to affect the subsequent proceedings incidental to it in passing the title to the land against which it foreclosed the lien. The foreclosure judgment was in absolute conformity with the allegations of the plaintiff's petition, and every proper party to the suit was given timely notice of those allegations by means of the citations issued and served upon them. Dyer answered and participated therein and was afforded every opportunity to bring into action the jurisdiction of the court upon every right existent in him against all other parties. The plaintiff, in his petition and in the citation issued and served upon all defendants, advised all parties that the lien as to the notes held by Dyer as well as to those held by him would be foreclosed, and specifically alleged the uncontroverted right and extent of interest and claim of Dyer both in the land and against other parties to the suit upon the notes. Dyer took personal judgment against Lyon, Shillings, and Ellison upon his cross-pleading. While it appear from the evidence that Shillings and Ellison were not cited to answer this cross-action; yet in the instant suit Dyer makes no allegation that there was no service of it upon them. And, no matter what the legal effect of the lack of such service might be as between Dyer and them in an action involving a contest of Dyer's right to collect the personal judgment obtained by him in the original suit, it in no way affects the conclusiveness of the foreclosure judgment in that suit, so as to permit Dyer to maintain the same suit again, nor can it serve him as a means of questioning the order of sale or the validity of the sheriff's deed. Under the rule that a litigant must make the most of his day in court, certainly Dyer by no conceivable application of any rule of law to the facts reflected can again invoke the jurisdiction of the court to pass upon any right appertaining to foreclosure of the vendor's lien already properly adjudicated by the judgment entered in 1915. The judgment then entered stands now as a valid adjudication of every right asserted against Burns in this case, and supervenes, under Burns' plea of res adjudicata and estoppel, to preclude the judgment appealed from.

The original judgment entered in 1915 was a finality as to all this appeal presents. The suit out of which it came was no longer pending after its entry, and therefore that suit could not be consolidated with the unmeritorious cause pleaded in the instant case. Hence the order attempting to consolidate the two was entirely unwarranted. No part of the attempted adjudication between the parties to the record here can be upheld under the test of the application of sound authority. It is, as to them, in all respects an edictal decree without judicial support.

The judgment is reversed, and judgment here rendered for plaintiff in error.