Marion W. McCarter, Respondent, *v.* Everitt L. Crawford et al., Appellants.

**Vendor and purchaser — contract — real property — encroachments — sale of land subject to survey — provision for cancellation for defect in title — encroachment of building on adjoining property no cause for action on contract to recover down payment.**

Where a contract for the sale and purchase of real property " subject to such a state of facts as an accurate survey would show," contains a provision for cancellation by the purchaser, should the vendor be unable to complete by reason of defects in title, an action on the contract by the purchaser to recover money paid, cannot be maintained solely because of an encroachment of one of the buildings of from two to eight inches on adjoining property. The parties contracted with a survey in mind and the purchaser agreed to take subject to any encroachment a survey might show.

*McCarter* v. *Crawford,* 217 App. Div. 766, reversed.

(Argued February 25, 1927; decided March 29, 1927.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 23, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*John A. Kelly, James G. Affleck, Jr.,* and *Grenville S. Sewall* for appellants. The respondent contracted to take the land " subject to such a state of facts as an accurate survey would show," and by reason of such clause the respondent was bound to take the property in spite of the encroachment and forfeited the down payment when she refused to do so. (*Fleischman* v. *Ferguson,* 223 N. Y. 235; *Levy Corp.* v. *Dick,* 116 Misc. Rep. 145; *Urbis Realty Co.* v. *Globe Realty Co.,* 235 N. Y. 194; *March* v. *Marasco,* 165 App. Div. 348; *Baumeister* v. *Demuth,* 84 App. Div. 394; 178 N. Y. 630; *Ely* v. *Matthews,* 58 Misc.

Rep. 365; *Pope* v. *Thrall*, 33 Misc. Rep. 44; *Kerschover* v. *Berger*, 119 N. Y. Supp. 737.)

*Richmond J. Reese*, *George W. Files* and *George C. Howard* for respondent. The clause " subject to a state of facts that a survey may show " refers only to variances in metes and bounds and to immaterial variances in dimensions. It cannot mean that a purchaser must take an unmarketable title. (*Trimbole* v. *Kinkel*, 226 N. Y. 147; *Irving* v. *Campbell*, 121 N. Y. 353; *Moore* v. *Williams*, 115 N. Y. 586; *Snow* v. *Monk*, 81 App. Div. 206.)

Crane, J. On the third day of April, 1920, this plaintiff entered into a written contract with Everitt L. Crawford and Mary B. Palmer, as executors of the will of Augustus G. Palmer, deceased, for the purchase of certain property with the buildings thereon erected in the village of Port Chester, town of Rye, county of Westchester, for the sum of $17,000. The description of the property commenced as follows:

" All that certain piece and parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Village of Port Chester, Town of Rye, County of Westchester and State of New York, BEGINNING at the corner formed by the intersection of the Easterly line of South Regent Street, with the North-westerly line of South Main Street, and running thence," etc.

Then followed a description of the property by metes and bounds, the last phrase of which read:

" * * * Containing within said bounds, nine thousand nine hundred and fifty-six ten thousandths of an acre be the same more or less, and being the same premises which were heretofore conveyed by George Quintard Palmer and Edna E. Palmer his wife, to the said Augustus G. Palmer by deed dated, January 24, 1902, and recorded in the office of the Register of the County of Westchester on February 1, 1902, in Liber 1605 of deeds, page 78."

The contract also contained, following this description, these words: " SUBJECT to such a state of facts as an accurate survey would show." On the property was a residence, a stable and a carriage house separate and apart from the stable. When the survey was made, it showed that the carriage house extended over the easterly line of the property two inches on the north, and a little over eight inches on the south end of the building. The carriage house was a small structure setting back in the lot over two hundred and seventy-five feet from South Main street. It was near the rear of the premises and between the residence and the stable. In a word, it projected over onto the adjoining property from two to eight inches.

The purchaser rejected the title as unmarketable because of this encroachment.

The contract also contained this clause:

" In the event of the parties of the first part being unable to complete this contract by reason of defects in title, the party of the second part shall have the right to cancel the same, but in the event of such cancellation the parties of the first part shall be under no liability to the party of the second part, except to refund that portion of the purchase price already paid and this contract shall be considered terminated without any right to either party for damages against the other."

The purchaser having paid $1,700 upon the signing of the contract, brought this action to recover the amount, because of the encroachment shown by the survey. The courts below have held with her, the Appellate Division, however, permitting an appeal to this court, certifying that in its opinion a question of law was involved which should be reviewed here.

This is an action at law brought by the purchaser to recover upon the strength of her contract, and according to the terms thereof. She does not seek to set the contract aside for fraud or for any other ground which

might be cognizable in equity. The contract as made by her, she says entitles her to cancellation and to repayment. We do not see how it is possible to get away from that provision of the contract regarding the facts to be shown by a survey. It is conceded that she can get all the land contracted for. The defendants are able to convey to her the land described in the contract. The survey tallies with the description. Even a slight variation in this particular might not be fatal, as the words " more or less " permitted slight variances in description or acreage. It was expected that a survey of the property would be made; anyhow, the parties contracted with a survey in mind, because the purchaser agreed to take the property subject to the facts which a survey would show. To take *subject to* means to be *subordinated to* these facts. If a survey showed that one of the buildings encroached upon adjoining property, the plaintiff agreed to take subject to, or under this state of facts. Unless we give this meaning to the provision, it might just as well have been left out of the contract. Of course, the encroachment might be of such a substantial nature that the plaintiff would not get the building or the main part of it, which she contracted to purchase. We can always think of extreme cases to which such a phrase would not in justice apply. The parties, however, must have intended something to be shown by a survey, some fact which might affect the property described. This fact did appear. There was a slight encroachment of the carriage house; the plaintiff contracted to take subject to this encroachment. She by her contract assumed these chances.

This is the meaning which has been given to this phrase whenever it has come before the courts for construction. (*Kreshover* v. *Berger*, 135 App. Div. 27.) In this case Mr. Justice SCOTT, writing for the Appellate Division, said:

" The fact is alleged to be that one wall does encroach

upon the adjoining land from one-quarter to one and three-quarter inches. * * * The contract, however, contains a provision that the property is bought ' subject to state of facts shown on survey of Chas. A. Meyer and Son, dated Sept. 1, 1905.' We think that the insertion of this clause indicated an intention to rely on the survey as to the lines of the property and possible encroachments, and is inconsistent with the contention that plaintiff relied upon the misrepresentation and was led thereby to make the contract."

See, also, *March* v. *Marasco* (165 App. Div. 348), where Mr. Justice DOWLING, writing for that court, referred to encroachments objected to as follows:

" The encroachments claimed to have existed did not constitute a valid objection in view of the terms of sale under which the property was sold, which recited that it was to be taken subject to any state of facts which an accurate survey might show."

The encroachment of the carriage house might have rendered the title unmarketable if it were not for this agreement regarding the survey. The contract in *Levy Corp.* v. *Dick* (116 Misc. Rep. 145) contained the words: " subject to any state of facts the survey may show and subject to existing monthly tenancies, provided said survey does not show facts as would render the title unmarketable." This latter clause, however, is not to be found in the contract before us, and the courts are not justified in making the contract read as though it were so contained.

For these reasons the judgments below should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.