SEDGEFIELD HOLDING Co., INC., a New York State Corporation, Appellant, Respondent, *v.* 440 WEST END AVENUE CORPORATION and Another, Respondents, Appellants.

First Department, January 31, 1930.

*Henry Spitz* of counsel [*Herman Asher* with him on the brief; *Gettner, Simon & Asher*, attorneys], for the plaintiff.

*Herbert C. Smyth* of counsel [*Maurice Lefkort*, attorney], for the defendants.

FINCH, J. Plaintiff appeals from so much of a judgment as dismisses the complaint for failure to prove facts sufficient to constitute a cause of action.

The defendant corporation likewise appeals from so much of the judgment as dismisses the counterclaim.

At the close of the plaintiff's case the trial justice dismissed the complaint. The defendant corporation rested its counterclaim on the testimony adduced in the case of the plaintiff. The counterclaim also was dismissed.

· The complaint alleges that on August 5, 1925, there was entered into a written agreement between the plaintiff and defendant corporation, whereby the defendant corporation agreed to sell to the plaintiff and the plaintiff agreed to purchase property known as the Phœnix Baths, at Long Beach, Long Island. Before and at the time this contract was entered into the defendants represented that the rental of the property was $30,000 annually. In truth the rents were not more than $10,000. By reason of this misrepresentation, the plaintiff elected to rescind the contract and demanded the return of the deposit of $15,000, plus $1,000 counsel fee. The learned trial justice excluded parol evidence offered in proof of the misrepresentations of the defendant, upon the theory that such evidence was not admissible in an action upon rescission, holding, however, that the evidence would be received provided the plaintiff would proceed to trial upon the theory of a common-law action in fraud. To this ruling the plaintiff duly excepted, but proceeded with evidence of the misrepresentations, apparently constrained to proceed as in an action in fraud. The complaint was dismissed, evidently upon the ground that plaintiff had failed to prove all the elements of an action in fraud at common law, or, more specifically, failed to prove scienter and intention. In shutting out this evidence, consisting of oral misrepresentations in an action based upon rescission, the learned trial court was in error. The action was properly brought on the law side of the court to recover back the price paid upon the ground that the plaintiff had rescinded the contract because made in reliance upon material misrepresentations of the defendants, and this is so whether the representations were fraudulently or innocently made. Innocent misrepresentation will suffice. This rule applies equally to actions at law based upon rescission, as to actions brought in equity for rescission. As was said by Judge CRANE in *Seneca Wire & Mfg. Co.* v. *Leach & Co., Inc.* (247 N. Y. 1): " The plaintiff brought this action at law on the rescission to get its money back. It has not proved or attempted to prove that the misrepresentations were willfully false or fraudulently made. It seeks relief on the same

ground that rescission might be maintained in equity by proving that the representations were false in fact, and misled the plaintiff into making the purchase. (*Bloomquist* v. *Farson*, 222 N. Y. 375; *Hammond* v. *Pennock*, 61 N. Y. 145.) As no equitable relief was required, it was inappropriate, if not impossible, for the plaintiff to maintain an action for rescission in equity. All it wanted was the return of its money. Action at law was, therefore, proper. The proof required was no different from that which would be required in equity. No reason exists for a distinction. (*Schank* v. *Schuchman*, 212 N. Y. 352.) It is not necessary in order that a contract may be rescinded for fraud or misrepresentation that the party making the misrepresentation should have known that it was false. Innocent misrepresentation is sufficient, and this rule applies to actions at law based upon rescission as well as to actions for rescission in equity."

The oral testimony in question in no way contradicted or varied any terms of the written contract. Such contract contained no reference whatsoever to rentals. The evidence (namely, that the defendant Karsh represented to the plaintiff, as an inducement to the purchase of the property, that the rentals were $30,000 a year, and, in answer to the plaintiff's insistence that this representation be incorporated in the contract, gave an excuse for not doing so, but assured the plaintiff that he could rely upon his representation, and called upon one Horowitz who was present for confirmation) was not offered for the purpose of changing the contract, but as a justification for the cancellation of the contract. Such evidence does not violate the parol evidence rule, but falls within the exception which allows evidence to prove that the alleged contract cannot stand as a valid contract. (*Thomas* v. *Scutt*, 127 N. Y. 133, 137.) (See, also, *Callanan* v. *K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268, 286.)

A misrepresentation as to the amount of rent is a material misrepresentation so as to be the basis of a rescission or an action for a rescission. In *Kreshover* v. *Berger* (135 App. Div. 27), Mr. Justice SCOTT, speaking for a unanimous court, said: "It is well settled that a representation as to the rentals which are derived from real estate is a material allegation as to its value, and if false, may lay the foundation for an action for damages."

In so far as the individual defendant Karsh is concerned, the plaintiff in its complaint alleges that he was president of the defendant corporation, owned all its capital stock and had personal charge, in behalf of the defendant corporation, of the execution of the agreement sued on and of all the negotiations relating thereto, and that the amount paid by the plaintiff to the defendant cor-

poration was appropriated by the defendant Charles Karsh for his own use and benefit. This states a cause of action not only as against the defendant corporation, but also as against the individual defendant Charles Karsh, since the plaintiff could recover pursuant to these allegations the amount which it parted with based upon the misrepresentations of both the defendants from the hands of both or of either of the two into which it might be able to trace the money.

Coming now to the counterclaim, whereby the corporate defendant demanded as damages the difference between what the defendant had agreed to pay for the property and the price at which it had resold it to the plaintiff, less the payments on account, the defendant rested upon the plaintiff's case. The plaintiff, in turn, offered to prove, in opposition to the counterclaim, that the defendant had refused to take title to the property in question upon the ground that the title thereto was unmarketable. This proof was objected to as irrelevant and not pleaded, and the objection sustained. The trial court, however, dismissed the counterclaim, apparently for lack of affirmative proof of damage, which is equivalent to a nonsuit, and hence the corporate defendant should have an opportunity to prove its counterclaim, if it can, upon a retrial.

It follows that the judgment appealed from should be reversed and a new trial ordered, without costs to either party as against the other.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed, without costs, and a new trial ordered.