O. C. BEVERS V. MRS. W. T. PRICE.

No. 7085. Decided October 26, 1938.
(120 S. W., 2d Series, 441.)

*Pitts & Liles,* of Conroe, for plaintiff in error, O. C. Bevers.

When a conveyance of land retains a lien secured by vendor's nine notes of equality dignity and rank, the holder of one of such notes who forecloses her lien and buys the land in under sheriff's sale subject to the lien of the other note holders, has no further rights as a lien holder, when both the holders of the notes were properly before the court, and were both parties to the suit. Freeman v. Klearner, 190 S. W. 543; Burlington State Bank v. Marlin National Bank, 207 S. W. 954; 28 Texas Jur. 22.

*R. A. Powell, Foster & Williams,* all of Conroe, *J. C. Hardy, Jr.,* of Houston, for defendant in error, Mrs. W. T. Price.

It was error for the Court of Civil Appeals to hold that defendant in error's lien was not superior to that of plaintiff in error. Anderson v. Perry, 98 Texas 493, 85 S. W. 1138; Walcott v. Carpenter, 132 S. W. 981; Maltby v. Longoria, 124 Texas 428, 78 S. W. (2d) 176.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Prior to June 11, 1925, W. T. Price sold to one Rayburn a tract of land in the Z. Landrum League in Montgomery County. Price reserved a vendor's lien on the land conveyed, evidenced by a series of nine notes executed and delivered to him by Rayburn. Price died and Mrs. W. T. Price became the owner of the notes. Thereafter O. C. Bevers purchased the land from Rayburn and assumed payment of notes Nos. 5, 6, 7, 8, and 9

of the series then remaining unpaid. He subsequently paid note No. 5.

On the date above mentioned Bevers and wife conveyed to J. M. Powell four parcels of land in another survey, the William Patterson Survey in Montgomery County. Powell as part consideration for the land purchased, which did not include the Rayburn tract, assumed payment of notes Nos. 6, 7, 8, and 9. Besides assuming the Rayburn notes he paid Bevers cash in the sum of $457.10 and executed and delivered to him a vendor's lien note for $470.75. A lien was expressly retained by Bevers in the deed to secure payment of the Rayburn notes, as well as his $470.75 note.

Powell defaulted in the matter of making payment of the Rayburn notes to Mrs. Price and was sued by her upon his assumption. She sought in the suit, and was awarded, as will subsequently appear more in detail, a foreclosure of the vendor's lien reserved by Bevers, he having joined Mrs. Price as co-plaintiff in the suit. It will be observed that at that time Bevers held a vendor's lien upon the land to secure the payment of the $470.75 note (not then due) as well as a vendor's lien for the benefit of Mrs. Price to the extent of the amount of the unpaid Rayburn notes. The Federal Land Bank of Houston—which was not a party to the suit—was the holder of a prior lien against three of the parcels of land conveyed by Bevers. The judgment so recites, and recites also that inasmuch as plaintiffs (Mrs. Price and Bevers) were seeking foreclosure of the lien in favor of Mrs. Price "subject to the said liens in favor of the Federal Land Bank and O. C. Bevers," foreclosure would be, and was, awarded accordingly. By the further terms of the judgment the clerk was directed to issue an order of sale commanding that the land be sold subject to the liens of both Bevers and the bank and that the excess, if any, over and above the amount of the judgment awarded Mrs. Price, be paid to defendant Powell. Upon order of sale so conditioned the land was sold on April 5, 1930, to Mrs. Price for $1,000.00. The sheriff's deed conveying the land recites that it was made "subject to an outstanding prior lien in favor of the Federal Land Bank of Houston * * *, and subject to an outstanding vendor's lien held by O. C. Bevers * * *." The amount of the judgment and costs remaining unpaid after application of the sale price as a credit, was $915.58.

Immediately after the sale Mrs. Price placed the land in the possession of Bevers with the understanding that he was to attempt to work out the indebtedness due against it. Bevers remained in possession up to and including the year 1932,

when he was ousted by Mrs. Price. He contributed to tax payments on the land and paid the semi-annual installments due the Federal Land Bank on its prior lien for the years 1929, 1930, 1931, and 1932, in order to protect the property from foreclosure proceedings by the bank.

In April, 1934, Powell not having paid the $470.75 note, Bevers filed the present suit against him for its collection, joining Mrs. Price as co-defendant with Powell. He sought a personel judgment against Powell for the amount due on the note, and a judgment for foreclosure against both defendants for that amount and the amount contributed by Bevers toward payment of taxes, and the amount paid by him to the Federal Land Bank. Powell did not resist recovery, filing merely a formal answer. Mrs. Price, after alleging in her answer a history of the transactions leading to the sale of the land to her under sheriff's deed under the judgment in the former suit, set up the unpaid amount on the Rayburn notes as evidenced by the deficiency judgment in that suit, and alleged priority of her lien as security for its payment, over that of Bevers securing payment of the $470.75 note sued upon. She elleged other matters not necessary to be stated. She prayed first that Bevers be denied the foreclosure sought by him and that title to the land be vested in her subject only to the prior lien of the Federal Land Bank; and in the alternative, in the event of foreclosure in favor of Bevers upon his note, that the land be ordered sold and the proceeds derived applied first to the payment of the balance due on the Rayburn notes, and that the balance, if any, be applied on the remainder of the obligation due the Federal Land Bank.

Upon trial without a jury the court concluded as a matter of law that the lien fixed by the judgment in the former suit in favor of Bevers to secure payment of his note was prior to the lien fixed by the judgment in favor of Mrs. Price. Bevers was awarded judgment on his note and foreclosure of his prior lien. It was decreed that upon sale of the land the amount due Bevers on his note should be first paid, together with the amounts paid by him for taxes and to the Federal Land Bank, and that the balance, if any, be paid Mrs. Price. Upon appeal by Mrs. Price the Court of Civil Appeals reversed and set aside that part of the trial court's judgment according superiority to Bevers' lien, and rendered judgment according equal dignity to the respective liens of Bevers and Mrs. Price and directing that foreclosure and sale of the land be upon that basis, and that the proceeds of the sale be divided between Mrs. Price and Bevers "in the ratio that their notes bear to each

other," that is, in the ratio of Bevers $470.75 note to the balance due on the Rayburn notes. The judgment was affirmed in all other respects. 91 S. W. (2d) 797. Both Bevers and Mrs. Price filed applications for writs of error.

Bevers' application was granted upon the view that the trial court correctly determined that judgment in the original suit fixed Bevers' lien as superior to Mrs. Price's. The application of Mrs. Price was granted because of the granting of Bevers' application.

■■ The decree of foreclosure in the former suit adjudicated the priority of liens as between Bevers and Mrs. Price. They and Powell were all parties to the original suit as well as the present suit. Both the judgment and order of sale in the original suit carry a recitation showing the property would be sold "subject to" Bevers' lien, and a similar recitation in the sheriff's deed shows that Mrs. Price so acquired it. The priority as fixed by the decree of sale in the original suit was res adjudicata in this suit. Burns v. Dyer et al (wr. ref.), 230 S. W. 457; 26 Texas Jur. p. 313, Sec. 496, 10 R. C. L. p. 550. Sec. 357. This is true even though the adverse interest as between Mrs. Price and Bevers was not asserted. Jones v. Vert, 121 Ind. 140, 22 N. E. 882, 16 Am. St. Ref. 379. Since the judgment in the original suit was acquiesced in by Mrs. Price she could maintain no further proceeding upon the Rayburn notes except upon the original judgment. Freeman on Judgments, Vol. 2, p 1226. The issue and the parties are the same in this suit as in the former, and the issue cannot properly be re-litigated in the present suit. This has been held to be true in a second action between the same parties, even when the second is on a demand different from that in the first. Houston Land Terminal Co. v. Westergreen et al, 119 Texas 204, 27 S. W. (2d) 526. See also 34 C. J. p. 915, Sec. 1325. The trial court in the original judgment decreed the Price lien to be "subject to" both the bank and Bevers' lien. Both were placed on a parity so far as superiority to the Price lien was concerned, and no contention is made that the bank lien is prior to the Price lien. The Court of Civil Appeals erred in holding that equal dignity should be accorded the Price and Bevers' liens. Although the term "subject to" does not necessarily mean, "subordinate to" or "inferior to," such has frequently been held to be its meaning. McDermott Inc. v. Lawyers' Mortgage Co., 232 N. Y. 336, 133, N. E. 909; Englestein v. Mintz, 345 Ill. 48, 177 N. E. 746; McCarter v. Crawford, 245 N. Y. 43, 156 N. E. 90; Cockerill v. Tobin et al, 59 Calif. App. 112, 209 Pac. 1022. Such is

its meaning as used in the original judgment. The issue of priority of lien between Mrs. Price and Bevers was determined in the original suit, and the language of the judgment expressing that determination forbids the conclusion that the Price lien was adjudged to be superior to, or on a parity with, the Bevers' lien. Since Mrs. Price did not take advantage of her day in court in that suit to have her lien adjudged prior to Bevers' and acquiesced in a judgment foreclosing her lien subject to his, she cannot now be heard to say her lien is superior. Burns v. Dyer et al., supra. The Court of Civil Appeals erred in not affirming the trial court's judgment in its entirety.

The judgment of the Court of Civil Appeals is reversed and set aside and that of the trial court is affirmed.

Opinion adopted by the Supreme Court, October 26, 1938.