IRVING TRUST COMPANY, as Trustee under the Will of SARAH A. P. FAY, Deceased, et al., Respondents, *v.* ANAHMA REALTY CORPORATION, Appellant.

Argued April 7, 1941; decided May 29, 1941.

*Roswell P. C. May, George Levitus* and *Arthur P. West* for appellant.

418

*C. Murray Kavanagh* for respondents.

RIPPEY, J. This action, at law, was commenced on December 7, 1938, to recover judgment against the defendant for $8.499.96 and accrued interest on installments due on contract from October 1, 1937, to October 1, 1938. After answer containing denials and setting up various defenses either complete or partial, motion by plaintiffs under rule 113 of the Rules of Civil Practice to strike out the answer and for summary judgment for the plaintiffs for the amount demanded in the complaint was denied at Special Term. Upon appeal, the order was reversed by the Appellate Division, by a divided court, and motion granted. From the judgment entered upon the order of the Appellate Division, defendant appeals to this court.

On June 25, 1926, plaintiffs' predecessors were the owners of premises consisting of a four-story building and known as 336 Madison avenue in the city of New York, and defendant was the owner of premises adjoining the property of the

plaintiffs on three sides, on which was located a twenty-story building known as the Canadian Pacific Building. On that date predecessors of plaintiffs, to whose rights and obligations plaintiffs have succeeded, and the defendant entered into an agreement whereby defendant was granted certain easements of light and air and certain restrictions were imposed upon plaintiffs' premises in consideration of the payment by defendant of the sum of $8,500 annually in equal monthly installments until April 30, 1947, with right to extension for two consecutive terms of twenty-one years each on the same basis, subject, however, to certain conditions not here pertinent. The agreement was duly recorded in the office of the Register of the County of New York on July 31, 1926. It was recited in the agreement that it was the intent to grant to defendant, " its successors or assigns, an easement of light and air over said premises 336 Madison Avenue for the benefit of said Canadian Pacific Building and for that purpose to restrict the height of all buildings erected or to be erected on said premises 336 Madison Avenue," etc. The sixteenth clause of the agreement provides that " this agreement and the terms herein are to apply to and bind the successors and assigns of the respective parties hereto. The restrictions hereby imposed are for the benefit of the said Canadian Pacific Building and all successive owners thereof and shall be regarded as appurtenant to said building subject to the obligations hereby imposed and as a real covenant running with the land and binding upon the Lessor and the Lessee and all subsequent owners or persons interested in said premises 336 Madison Avenue for the term of this agreement."

The fourteenth clause of the agreement provides that it is " subject and subordinate to all present mortgages now of record affecting said Canadian Pacific Building and to any mortgage which Anahma, its successors and assigns, and any succeeding owner of the said Canadian Pacific Building may hereafter place thereon," etc. At the time the agreement was executed, there were at least two mort-

gages on the property. On January 15, 1920, the then owner of the premises known as the Canadian Pacific Building, in order to secure the payment of bonds issued by it, executed and delivered to the Guaranty Trust Company of New York as trustee the mortgage which constituted the second lien upon the premises.

The light and air agreement also provided: " *Twelfth:* In case of a *bona fide* sale, exchange or other disposition of Canadian Pacific Building by Anahma or by any succeeding owner and the assumption of this agreement by the *bona fide* purchaser or grantee of the said building, the liability of such *bona fide* purchaser or grantee shall be accepted in place and stead of the liability of Anahma thereafter accruing hereunder, or of a succeeding owner, as the case may be, and Anahma or a succeeding owner, as the case may be, shall automatically be relieved and released of any further liability hereunder from and after such sale and assumption by the *bona fide* purchaser or grantee."

It is asserted in the answer and nowhere controverted in the record before us that on February 15, 1933, by a deposit agreement of that date, a bondholders' committee was duly constituted for the protection of the rights and interests of the holders of the bonds secured by the second mortgage in which it was provided, among other things, that such committee was authorized and empowered to waive or suspend any default in the second mortgage, to consent or agree to any modifications or amendments in any or all of its terms, to consent or agree to the postponement of the payment of any interest thereon, and to instruct the trustee to institute foreclosure or other proceedings or to enter into possession of the Canadian Pacific Building as provided by the terms of the second mortgage; that on July 17, 1933, there had been deposited with such committee bonds in an aggregate face amount in excess of eighty-five per cent of the total issue outstanding and thereby the exercise of the powers and duties of the trustee under the mortgage indenture was wholly directed, limited and controlled by the bondholders' committee until about April 19, 1938; that the said

light and air agreement was acquired for the benefit of the Canadian Pacific Building so that light and air for numerous offices therein facing upon the three sides adjoining plaintiffs' property through the open space over and above their property might be provided and the offices leased and that those offices would be without light and air and worthless as office space and income therefrom diminished unless the benefits granted in that agreement were preserved; that various leases with tenants of said Canadian Pacific Building contained provisions that in the event that changes were made to the building on plaintiffs' premises of such a nature as to cut off the light and air therefrom, the tenants should have a right to terminate their respective leases; that the benefits granted and secured with said light and air agreement could be used and enjoyed only by persons who held the title and were in possession of the said building. It further appears that the bondholders' committee and the holders of other mortgage liens in conjunction with other lienors and by the consent of the defendant held possession of the said building from July 17, 1933, to July 1, 1936, collected all income therefrom and paid the plaintiffs, as one of the operating expenses of the building, the installments due plaintiffs under the light and air agreement as they accrued, whereby the benefits of the agreement to the building were preserved.

Defendant further alleges without contradiction that the bondholders' committee effected on July 20, 1936, the substitution of the Colonial Trust Company as successor trustee under the trust agreement and directed said successor trustee to commence an action for the foreclosure of the second mortgage, which action was commenced on September 11, 1936, and instructed the trustee to refrain from cutting off, barring or foreclosing the light and air agreement and that the trustee acted in accordance with their direction, the result of which was the preservation of the rights and benefits under the light and air agreement to the trustee, to the holders of the second mortgage bonds and to any subsequent purchaser of the property. It is alleged by

defendant that the property was sold on foreclosure on February 23, 1938, to the bondholders' committee, subject to the provisions of the light and air agreement, and that such committee, when so purchasing the property, and the Fifth Madison Corporation, which was organized and created by said committee to take title thereto, had full knowledge of the existence of the agreement and that any sums remaining unpaid thereunder were a charge upon the premises and that no benefit had been derived by the defendant from such agreement since July 17, 1933, and never could be enjoyed by it but only by the person having title and possession of the premises for whose benefit it was executed and delivered. In the foreclosure action a receiver was appointed who collected, during the pendency of the action, all income of the property and paid all operating expenses thereof and it is alleged that none of the installments due under the light and air agreement subsequent to July, 1933, were paid by this defendant but on the contrary, were paid voluntarily either by the mortgagees, the bondholders' committee, or by the receiver until the commencement of the action on October 5, 1937, by plaintiffs against defendant and one Parkinson as receiver of rents and profits of the premises in foreclosure to recover installments due under the agreement for the period from October 1, 1936, to October 1, 1937. In the last mentioned action, judgment was entered against defendant for the installments due during that period on the theory that it was still the owner of the property and still held the title since there had been no sale and was still liable on the contract (281 N. Y. 798). The receiver was relieved from payment over to the defendant by a holding that the installments were not items of " operating expense."

The plaintiffs insist that all questions involved in the present action were necessarily adjudicated in their favor in that case. It has been held by the Appellate Division that the right of plaintiffs to recover from defendant for installments due up to the time of the sale of the property only was conclusively established under the decision in that action.

We need not consider that question since appellant in its brief asserts that it " accepts the determination of the court below as to its liability for payments accrued prior to the foreclosure sale, and confines its argument to the question of its liability for payments subsequently accrued " and requests, upon this appeal, only that " the judgment and order appealed from should be reversed in so far as they grant summary judgment for the payments accrued subsequent to February 23, 1938, the date of sale." The allegations of the answer to which reference has been made together with other allegations thereof present questions of fact which may not be determined on a motion for summary judgment. The defendant through its answer by facts therein adequately and fully alleged seeks to maintain that the purchaser on the foreclosure sale assumed the payment of the charges then due and thereafter to become due under the light and air agreement and that by virtue of the foreclosure proceedings, the taking and retention of possession and income from the property by the bondholders' committee and later by the receiver and by the purchaser through the transfer of title, defendant was automatically relieved from the payment of any sums claimed to be due by the plaintiffs in this action under the terms of the light and air agreement.

The covenant to pay cannot be construed without reference to other provisions of the agreement. When the agreement is considered as a whole, that covenant may be qualified by other language used (*Belmont* v. *Coman*, 22 N. Y. 438). None of the provisions may be deemed to be wholly meaningless (*McCarter* v. *Crawford*, 245 N. Y. 43). Construction must follow in the light of the intention, position and changed position of the parties after a full disclosure of all the facts and circumstances which may have a bearing thereon. A determination in favor of the plaintiffs in this action might hold the defendant to a continuing liability, at least until April 30, 1947, and perhaps for forty-two years thereafter, for a period during which it neither has title to the Canadian Pacific Building nor may participate in any of the benefits to be derived from it or from the

agreement while the purchaser on foreclosure and its successors, upon compliance with the conditions mentioned in the agreement, will continue during the whole period to enjoy all of the benefits thereof. Unless necessary, construction should not be indulged which will produce such harsh results. The plaintiffs were not made parties in the second mortgage foreclosure action and the agreement, it is said, was not cut off but, on the contrary, was specifically saved. Depending upon the question of the intention of the parties and other circumstances suggested by the pleadings, it may be held that the grantee in the foreclosure proceedings became liable for the payments of installments due and to become due (*Neponsit Property Owners Assn.* v. *Emigrant Industrial Sav. Bank*, 278 N. Y. 248) and that the light and air agreement was an easement appurtenant to the Canadian Pacific Building and incapable of being separated therefrom and as a result would pass to the purchaser upon the sale together with the right to any remedy for any invasion thereof and subject to any liability arising thereunder (*Pardee* v. *Steward*, 37 Hun, 259; *Clark* v. *Devoe*, 124 N. Y. 120; *Foote* v. *Metropolitan Elevated Ry. Co.*, 147 N. Y. 367, 374; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 291; *Greenfarb* v. *R. S. K. Realty Corp.*, 256 N. Y. 130). An election was made by plaintiffs after foreclosure to continue the agreement as between themselves and the purchaser. The circumstances of such election may be such that plaintiffs may not be permitted to continue the agreement without looking to the party who has its benefits for payment of the installments which they seek (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 291). Determination of the issues in the present action depends, in part at least, upon events which occurred subsequent to the commencement of the prior action (281 N. Y. 798) and upon facts pleaded extrinsic of the written contract. Different questions of fact are tendered for decision. Whatever otherwise may be urged as to the finality of the determination in the prior action, it could not be held, in any event, that anything was finally adjudicated between the parties

here involved concerning their rights and obligations accruing during the period subsequent to the sale of the premises.

Upon various issues presented by the pleadings in the present action we make no decision since we are convinced that the record does not present a case for summary judgment in whole or in part and that all the issues properly raised by the pleadings should be presented to a trial court.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., taking no part.

Judgment accordingly.