Thomas A. Aurelio, J.
The defendants, Worthington Equity Corp. and Fox move for summary judgment dismissing the first and second causes of action. Plaintiffs claim that there was reliance upon false and fraudulent representations concerning the amount of payroll wages and the cost of fuel consumption in connection with the lease purchased from the defendant corporation. The defendants urge, in the supporting affidavit, that the. individual plaintiff is not a proper party in interest and that otherwise there is no merit to the causes of action by virtue of the following provision contained in the contract: ‘ ‘ This agreement contains the entire agreement of the parties. All prior representations and agreements are merged herein and there are no representations, agreements or warranties that are not fully set forth herein. This agreement may not be changed or terminated orally and shall be binding upon the distributees, personal representatives, successors and assigns of the respective parties. ’ ’
In their brief the defendants rely on the contract provision only and upon the rule enunciated in Danann Realty Corp. v. Harris (5 N Y 2d 317). There the plaintiff complained of false and fraudulent representations as to the operating expenses of the building and the profits to be derived from the investment. There the contract contained the following provision: ‘ ‘ The Purchaser has examined the premises agreed to be sold and is familiar with the physical condition thereof. The Seller has not made and does not make any representations as to the physical condition, rents, leases, expenses, operation or any other matter or thing affecting or related to the aforesaid premises, except as herein specifically set forth, and the Purchaser hereby expressly acknotuledges that no such representations have been made, and the Purchaser further acknowledges that it has inspected the premises and agrees to take the premises ‘ as is’ * * * It is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other. The Purchaser *963 has inspected the buildings standing on said premises and is thoroughly acquainted with their condition.”
It was there held that while a general merger clause is ineffective to exclude parol evidence (Sabo v. Delman, 3 N Y 2d 155) the rule was inapplicable, the court stating (Danann Realty Corp. v. Harris, supra, pp. 320-321, 322, 326):
“ Here, however, plaintiff has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded. Such a specific disclaimer destroys the allegations in plaintiff’s complaint that the agreement was executed in reliance upon these contrary oral representations (Cohen v. Cohen, supra). The Sabo case (supra) dealt with the usual merger clause. The present case, as the Cohen case, additionally, includes a disclaimer as to specific representations. # * #
1 ‘ The presence of such a disclaimer clause 6 is inconsistent with the contention that plaintiff relied upon the misrepresentation and was led thereby to make the contract.’ (Kreshover v. Berger, 135 App. Div. 27, 28.) ”
The disclaimer in the contract with respect to the very representation involved is the key to the rule as it is to be applied to the facts in this case. While in the Sabo case (supra), the contract provision was “ No verbal understanding or conditions, not herein specified, shall be binding on either party”, the parallel provision here involved cannot be said to be any broader or more specific or less general. At least it does not reach the point of disclaimer upon which the opinion in the Danann case (supra), turns. (See, also, Cohen v. Cohen, 3 N Y 2d 813.) The motion is denied.