■ KENNETH EISENTHAL et al., Respondents, v RONALD WITTLOCK et al., Appellants. [603 NYS2d 586] —In an action to recover damages, and for the rescission of a contract of sale of real property based upon fraud, the defendants appeal (1) from an order of the Supreme Court, Suffolk County (Luciano, J.), entered April 29, 1991, which denied their motion for summary judgment dismissing the complaint, and (2) as limited by their brief, from so much of an order of the same court, entered November 1, 1991, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered April 29, 1991, is dismissed, as that order was superseded by the order entered November 1, 1991, made upon reargument; and it is further,

Ordered that the order entered November 1, 1991, is reversed insofar as appealed from, on the law, the order entered April 29, 1991, is vacated, the defendants' motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

By the terms of the contract of sale the plaintiffs agreed to take the property in question "subject to [a]ny state of facts an accurate survey may show, provided same does not render title unmarketable". A survey conducted by the plaintiffs prior to closing contained a clear description of the boundaries of the property being sold, and did not serve to render title unmarketable. The plaintiffs are, therefore, precluded from alleging, four years after the closing and in conclusory fashion, that the defendants misrepresented the boundaries of the property in question (see, McCarter v Crawford, 245 NY 43; Kreshover v Berger, 135 App Div 27; Olive v Suffes, 123 NYS2d 842).

Moreover, the facts allegedly misrepresented by the defendants, that is, the boundaries of the premises, are not within the peculiar knowledge of the defendants and could have been ascertained by the plaintiffs by the means available to them through the exercise of ordinary intelligence. In light of these facts, the plaintiffs cannot, as a matter of law, establish that they rightfully relied upon any alleged misrepresentations by the defendants as to the size of the property to be conveyed (see, DiFilippo v Hidden Ponds Assocs., 146 AD2d 737). Thus, the defendants are entitled to summary judgment dismissing the complaint. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.