**ELLIOTT v. WILLIAMS et al.**

(Court of Civil Appeals of Texas. Amarillo. June 15, 1912. Rehearing Denied Oct. 12, 1912.)

TRESPASS TO TRY TITLE (§ 6*)—TITLE NECESSARY TO SUPPORT ACTION.

A plaintiff who has fixed his judgment lien upon land, but has neither foreclosed the lien nor bought the property under execution sale, has no such title as will support trespass to try title to the land subject to his lien.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 5–9, 15, 16; Dec. Dig. § 6.*]

Appeal from District Court, Donley County; J. N. Browning, Judge.

Action by J. A. Elliott against J. Marion Williams, in which one Skeen and another intervene. From a judgment for interveners, plaintiff appeals. Affirmed.

Orrick & Terrell, of Ft. Worth, for appellant. A. T. Cole, of Clarendon, for appellees.

HALL, J. Appellant filed this suit in trespass to try title to recover certain town lots in the city of Clarendon. Appellees Skeen and Blevins intervened. The cause was tried before the court, without the intervention of a jury, who rendered judgment for appellees.

Appellant, Elliott, claims the property by virtue of a judgment lien. On November 11, 1907, he recorded his abstract of judg-

ment against one Bearden, who had owned the property in question, but, prior to the registration of the abstract of judgment,. had conveyed it to the vendors of appellees, herein. There was an agreement in open court, incorporated in the statement of facts,. that J. A. Elliott had no knowledge, direct or constructive, of any claim or interest of appellees at the time of the rendition of said. judgment in his favor against Bearden, and at the time of the filing and registration of.' the abstract thereof.

The trial court filed no finding of fact nor conclusions of law, and the record is not clear upon what issue the judgment below was entered for appellees. It does not appear from the record that Elliott at any time ever foreclosed his judgment lien, or purchased the property in question under execution sale before instituting this suit, but is seeking to recover in trespass to try title;, when the extent of his right or claim to the property is the existence of the lien, as above stated. In our opinion, the plaintiff in a judgment, who has fixed his judgment lien, but who has neither foreclosed his lien nor bought the property under execution sale and acquired title in that way, has no such title as will support an action in trespass to try title. The pleadings in the case are not framed so that a foreclosure could be had in this proceeding.

The evidence having disclosed that plaintiff's only claim was a judgment lien, we think the trial court did not err; and the judgment is affirmed.