**TEXAS WESTERN FINANCIAL CORPO-
RATION et al., Appellants,**

v.

**C. B. COCHRAN, Appellee.**

No. 8099.

Court of Civil Appeals of Texas,
Texarkana.

Dec. 5, 1972.

Rehearing Denied Jan. 2, 1973.

John H. Greenfield, Jr., Hunter, Greenfield & Allen, Dallas, Robert L. Flournoy, Lufkin, Robert L. Norris, Houston, for appellants.

Robert F. Salmon, Linden, for appellee.

DAVIS, Justice.

This is a trespass to try title suit. Plaintiff-appellee, C. B. Cochran, sued defendants-appellants, Humble Oil and Refining Company, The Medical Center Hospital of Tyler, Smith County, Texas, Trinity Concrete Products Company of Dallas, Texas, First Bank and Trust Company of Lufkin, Texas, and Texas Western Financial Corporation of Dallas, Texas, for title and possession of 1.73 acres of land, more or less, situated in the James Clark Survey in Cass County, Texas. Defendants Trinity Concrete Products Company and The Medical Center Hospital did not file any answer to the suit. Appellants, Humble Oil and Refining Company, First Bank and Trust Company and Texas Western Financial Corporation, defended on certain judgment liens that they had against one Ray Owens and Tom Steele in the suit. Neither of the appellants alleged any legal or equitable title in the suit whatever. Appellant, First Bank and Trust Company, in its amended answer alleged as follows:

". . . . In the event the said Tom Steele did not own, hold or acquire any actual interest, either legal or equitable, recorded or unrecorded, in the property described in Plaintiff's Amended Original Petition on May 18, 1970, or at any time thereafter, this Defendant's Judgment Lien could not, as a matter of law, have ever attached to said property, and if such is the case, this Defendant has been wrongfully sued as a party Defendant in this action, and therefore this Defendant should be dismissed from this action with its costs without day; . . . ."

Appellant, Texas Western Financial Corporation, alleged in its amended answer as follows:

". . . . In the event the said Ray Owens did not own, hold or acquire any actual interest, either legal or equitable, recorded or unrecorded, in the property described in Plaintiff's Amended Original Petition on April 23, 1970, or at any time thereafter, this Defendant's Judgment Lien could not, as a matter of law, have ever attached to said property, and if such is the case, this Defendant has been wrongfully sued as a party Defendant in this action, and therefore this Defendant should be dismissed from this action with its costs without day; . . . ."

It will be noted that appellant, First Bank and Trust Company, alleged that if Tom Steele did not own or hold any actual interest in the property or acquired the same on or before May 18, 1970, or at any time thereafter, it should be dismissed from the action with its cost. Appellant, Texas Western Financial Corporation, alleged in its amended answer that in the event the said Ray Owens did not own, hold or acquire any actual interest in the property that was acquired on April 23, 1970, the appellant should be dismissed from the action with his cost.

Appellants perfected a bill of exceptions. It is doubtful that they did create any interest in the land involved in this suit. Appellants showed that Ray Owens and Tom Steele executed a deed of trust to the First National Bank of Linden, Texas, on December 22, 1969. But there was no Grantee named in the deed of trust nor a Trustee named, nor the County of the property inserted. Appellants offered in evidence on their bill of exceptions a warranty deed to C. B. Cochran for the assumption of a $2,000.00 note dated December 22, 1967, with interest at the rate of 8% per annum, and it was executed by Ray Owens and Tom Steele. It was acknowledged August 5, 1970. But the record is entirely deficient of any title, legal or equitable, in and to Ray Owens and/or Tom Steele.

Appellee plead and proved his case. At the end of the appellee's proof the Trial Court withdrew the case from the jury and rendered judgment for the appellee.

Appellant, Humble Oil and Refining Company, adopted, in toto, and joined in the brief heretofore filed in this cause by appellant, Texas Western Financial Corporation.

Appellants have perfected their appeal and bring forward a total of eight points of error. Appellants take the position that the Trial Court erred in concluding that their pleadings were not sufficient to put in issue the existence and attachment of their respective judgment liens, that their prayers for general relief were not sufficient to support a judgment granting them any affirmative relief, in withdrawing the case from the jury, in refusing to admit the evidence proffered by appellants in their bills of exceptions, in refusing to allow appellants to fully establish their bills of exceptions by not permitting testimony to explain the alteration of certain deeds, in denying appellants' motion for continuance, and, as a matter of law, in limiting the appellants to recover as specifically prayed for which entitles them to the relief as their pleadings and the evidence would warrant. There were no pleadings of fraud or the issue of changing any deeds in the case. There was no evidence of any title, either legal or equitable, that was ever conveyed into Ray Owens and/or Tom Steele. The only thing the appellants offered in evidence was certain judgments that were taken against Ray Owens and Tom Steele in certain courts. No execution had ever been issued thereon; therefore, there was no attachment of the lien to the land in question.

 An equitable title, as distinguished from a mere equitable right, will support an action of trespass to try title. Johnson v.

Wood, Tex.Com.App.1941, 138 Tex. 106, 157 S.W.2d 146. But unless the equitable right asserted amounts to or has matured into title, it is not available in an action of trespass to try title. Pegues v. Moss, CCA, 1940, Tex.Civ.App., 140 S.W.2d 461, error dism'd by agreement. Rights, if any, owned or held by appellants amounted to an equitable right, not an equitable title, as no foreclosing, sales or purchases were ever accomplished. Burns v. Dyer, CCA, 1921, Tex.Civ.App., 230 S.W. 457, error ref'd. It has been held that one who has fixed his lien, but who has neither foreclosed his lien nor bought the property under execution sale, has no title and will not support an action of trespass to try title. Elliott v. Williams, CCA, 1912, Tex.Civ.App., 150 S.W. 318, error ref'd.

While it is true that alternate additional and equitable relief may be included in some instances, when properly pled, there are no pleadings in this case for cancellation, recision, or reformation of any deed or deeds and as such were not pled, proof as to cancellation, recision, or reformation of a deed, or deeds, could not be allowed in a trespass to try title suit. Cole v. Waite, CCA, 1951, Tex.Civ.App., 242 S.W.2d 936, affirmed by the Supreme Court, 1952, 151 Tex. 175, 246 S.W.2d 849; Texas Osage Cooperative Royalty Pool v. Colwall, CCA, 1947, Tex.Civ.App., 205 S.W.2d 93, error ref'd. The points of error are overruled.

The judgment of the Trial Court is affirmed.